**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John R. DUNCAN, Jr.,**
**Defendant-Appellant.**

**No. 77–1901.**

United States Court of Appeals,
Ninth Circuit.

Jan. 20, 1978.

Rehearing Denied Feb. 27, 1978.

John William Lovell (No Appearance), Tucson, Ariz., for defendant-appellant.

Dale A. Danneman, Asst. U. S. Atty. (Appeared), Tucson, Ariz., for plaintiff-appellee.

Before BROWNING and HUFSTEDLER, Circuit Judges, and EAST *, District Judge.

---

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

PER CURIAM:

Appellant was charged with receipt and conversion of stolen government property in violation of 18 U.S.C. § 641. He was proceeded against as a juvenile pursuant to 18 U.S.C. §§ 5031–5037, and was found to have committed the charged act of delinquency. The only issue raised on appeal is whether the trial court erred in denying a motion to suppress.

A grand jury subpoena was issued requiring appellant to furnish his fingerprints either to the grand jury on February 8, 1977, or to Postal Inspector David Woods prior to that date. On February 7, 1977, appellant appeared at Inspector Woods' office in the post office building. In addition to taking appellant's fingerprints, Inspector Woods obtained a sworn incriminatory statement from appellant, and appellant turned over to Inspector Woods 27 dollars' worth of stolen postage stamps.

Appellant moved to suppress the statement and the stamps, relying on the provision of 18 U.S.C. § 5038(d) reading "unless a juvenile who is taken into custody is prosecuted as an adult (1) neither the fingerprints nor a photograph shall be taken without the written consent of the judge . . . ." Appellant asserted that the government violated the statute by requiring him to appear and furnish his fingerprints without the written consent of a judge, that his statement and the stamps were obtained as a result of this statutory violation, and therefore that this evidence should be suppressed. The trial court denied the motion to suppress. We affirm.

We need not decide whether section 5038(d) was violated; or, if so, whether evidence secured as a result of such a violation would be subject to suppression. Evidence is not necessarily excludable because it would not have been obtained but for a constitutional violation. The connection between the unlawful conduct and the acquisition of the evidence may become so attenuated as to dissipate the taint. *Brown v. Illinois*, 422 U.S. 590, 598, 603, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1973). In this case we conclude that the illegality, if any, was not egregious, and that the giving of the statement and the delivery of the stamps were sufficiently the product of an exercise of free will by appellant to purge any taint resulting from the extra-judicial order to furnish fingerprints. *Id.* at 603–04, 95 S.Ct. 2254.

If it was improper to issue a subpoena to obtain appellant's fingerprints without judicial consent in the circumstances of this case, the illegality was not obvious; nor is there any suggestion that the subpoena was issued as a subterfuge to obtain appellant's statement or the surrender of the stolen stamps.

There was a substantial lapse (two days) between the service of the subpoena and appellant's appearance at Inspector Woods' office. Appellant's appearance was optional; he was aware he could have tendered his fingerprints to the grand jury on the date fixed. Appellant was given full *Miranda* warnings. He voluntarily executed a written waiver. There is nothing to suggest that the atmosphere of the meeting or the words or conduct of Inspector Woods were coercive. Appellant testified he thought it would be better for him to cooperate, he cooperated voluntarily, he understood he did not have to talk with Inspector Woods if he did not want to and could stop talking and leave whenever he wished, he gave the written statement willingly, and he volunteered to get the stamps for Inspector Woods.

The government carried its burden of showing that both the statement and the stamps were obtained free of taint from the assertedly unlawful subpoena.

Affirmed.