UNITED STATES of America, Appellee,

v.

Juan PEREZ–CASTRO, Appellant.

No. 79–1077.

United States Court of Appeals, Ninth Circuit.

Aug. 31, 1979.

Gerald S. Frank, Asst. U. S. Atty., Tucson, Ariz., for appellant.

Susan Wintermute, Asst. Federal Public Defender, Tucson, Ariz., for appellee.

Before ANDERSON and HUG, Circuit Judges, and PORT *, Senior District Judge.

HUG, Circuit Judge:

Appellant, Juan Perez-Castro, was convicted of having entered the United States illegally in violation of 8 U.S.C. § 1325. On appeal, Perez contends that statements he made to border patrol agents subsequent to his arrest by Tucson police officers should have been suppressed because he was illegally arrested. We agree and reverse.

During the evening of June 13–14, 1978, appellant was asleep at the home of a friend in Tucson, Arizona. Sometime that night, he was awakened by unidentified officers of the Tucson Police Department and taken to the United States Border Patrol Sector Headquarters in Tucson. The officers had no arrest warrant and appellant did not know the reason for the officers' entry into the home, or how they had gained access.

Appellant spent the rest of the night following his arrest in the border patrol's detention facility. The next morning, he was questioned by Border Patrol Agent Donald Pierce. During routine processing, Perez said that he was from El Salvadore and had entered the United States illegally on January 5, 1978. The only evidence that Perez was an illegal alien was statements he made during this standard processing.

At a suppression hearing, appellant argued that the statements elicited from him during processing were not admissible because he was arrested without a warrant, without his consent, and without probable cause. Agent Pierce, the only Government witness at either the suppression hearing or the trial, testified that his agency had been unable to determine which Tucson police officer had arrested Perez, or what the cir-

* Honorable Edmund Port, Senior United States District Judge for the Northern District of New York, sitting by designation.

cumstances of the arrest were. Neither the Tucson Police Department records nor the Border Patrol records indicated who brought Perez in, or under what conditions. The Border Patrol detention officers do not record the names of the officers who deliver suspect aliens, but merely record the time of delivery and the agency name. The Government was unable to give any details or explanation of the events surrounding Perez's arrest.

Nevertheless, the United States Magistrate denied the motion to suppress. Perez was found guilty of illegal entry, sentenced to thirty days' imprisonment, and later deported. The district court affirmed the decision of the magistrate.

 The legality of Perez's arrest, effected without a warrant, can be established only by showing that probable cause existed for the arrest at the time the arrest was made. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *United States v. Marshall*, 526 F.2d 1349, 1356–58 (9th Cir. 1975). The burden of showing probable cause to make a warrantless arrest is on the Government. *United States v. Strickler*, 490 F.2d 378, 380 (9th Cir. 1974); *United States v. Cleaver*, 402 F.2d 148, 151 (9th Cir. 1968). In the present case, the Government made absolutely no showing that probable cause existed for the warrantless arrest of Perez.

 The appellant satisfactorily alleged an illegal arrest, so as to put the Government to its proof. *See:* *United States v. De La Fuente*, 548 F.2d 528, 533 (5th Cir. 1977). The Government may not successfully assert that the illegal act was done by state or local officers and therefore the statements subsequently taken are admissible in a federal prosecution, without concern as to the method by which they were obtained. *Elkins v. United States*, 364 U.S. 206, 223, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); *United States v. Hall*, 488 F.2d 193, 195 (9th Cir. 1973); *United States v. Popejoy*, 578 F.2d 1346, 1349, n.3 (10th Cir. 1978). Furthermore, the Government may not fulfill or escape its burden of showing proba-ble cause for arrest merely by showing reasonable attempts to learn the details of a defendant's arrest.

 Evidence obtained as a result of an illegal arrest, which is not sufficiently attenuated from the arrest to purge it of the taint of the illegal act, must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *United States v. Duncan*, 570 F.2d 292, 293 (9th Cir. 1978); *United States v. Humphries*, 600 F.2d 1238 (9th Cir. 1979). Statements should be suppressed as fruits of an illegal arrest if they were not "sufficiently an act of free will to purge the primary taint." *Brown*, 422 U.S. at 602, 95 S.Ct. at 2261, citing *Wong Sun*, 371 U.S. at 486, 83 S.Ct. 407.

 The question of whether or not inculpatory statements are the products of free will under *Wong Sun* and *Brown* depend upon the facts of each case. *Brown*, 422 U.S. at 603, 95 S.Ct. 2254; *United States v. Rubalcava-Montoya*, 597 F.2d 140, 143 (9th Cir. 1978). Under the facts of the present case, it is clear that the statements given by appellant to Border Patrol Agent Pierce during questioning the morning following appellant's illegal arrest were not sufficiently attenuated from the arrest to purge them of the taint of the illegal arrest. The statements and evidence obtained from Perez during his interview with Agent Pierce should have been suppressed.

The conviction is reversed.