UNITED STATES of America,
Plaintiff-Appellee,

v.

Diane L. DALLY, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

James Harold HOLIDAY,
Defendant-Appellant.

Nos. 78–3012, 78–3336.

United States Court of Appeals,
Ninth Circuit.

Oct. 4, 1979.

Joe Reichmann, Los Angeles, Cal., Richard D. Burda, Deputy Fed. Public Defender, Los Angeles, Cal., for defendants-appellants.

Andrea Sheridan Ordin, U. S. Atty., Kathleen P. March, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and SOLOMON *, District Judge.

PER CURIAM.

James Holiday, a California parolee, appeals from a conviction for possession of a firearm. Diane Dally appeals from a conviction for possession of stolen mail. The stolen mail and guns were found in Dally's apartment during a parole search. They contend that the search was improper; that

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

the guns, mail and other evidence should have been suppressed.

Holiday was convicted of first degree murder in California in 1961. He was sentenced to life imprisonment but in July 1975, he was paroled. His parole required him to obtain prior permission from his parole officer before he changed his address, and he agreed to notify his parole officer of any emergency move within 72 hours. He also consented to the search of his residence by his "Parole Agent, any agent of the Department of Corrections, or any law enforcement officer."

Holiday was supervised by Welch Golightly, a California State Parole Agent. On January 30, 1978, Golightly was unsuccessful in finding Holiday at his reported residence in Pasadena. Golightly left a message with Holiday's nephew for Holiday to get in touch with him.

Bertram Rice is a Special Agent of the California Department of Corrections Law Enforcement Liason Unit, who describes himself as an investigator. He knew the terms of Holiday's parole and also knew that Holiday had a Pasadena address.

On January 31, Rice talked with Christ Heart, a United States Bureau of Alcohol, Tobacco, and Firearms (ATF) Agent, about other California parolees. Heart was investigating Holiday for a gun charge. Heart had information that Holiday was living at Dally's Venice apartment. While Rice was with Heart another ATF agent asked Heart about Holiday. Heart then told Rice that Holiday was living in Venice and Rice then checked with Golightly who confirmed that Holiday was supposed to be living in Pasadena.

Rice had neither the manpower nor the equipment to watch Dally's residence. He therefore asked the ATF to help him. Rice then supervised the surveillance by the ATF and the Los Angeles Police Department.

ATF agents saw Holiday enter the Dally apartment on February 2. They photographed him taking out the garbage, bringing in his laundry and talking with neighbors. They reported their observations to Rice.

Rice called Golightly on February 6 and told Golightly he had information that Holiday was living at another residence. Golightly said Holiday had not answered the message he left at the Pasadena address and for Rice to make a parole search if Holiday had a new residence.

ATF agents saw Holiday's car near Dally's apartment on the morning of February 8. The car's windows were fogged; they concluded that the car had been there overnight and reported this information to Rice.

Rice and ATF agents watched the apartment on February 9. Holiday came out and left in another car which had been parked overnight. Holiday returned with dry cleaning, changed his clothes and left the apartment carrying laundry. Holiday returned again with more dry cleaning. He used a key to open the door.

Rice arrested Holiday when he came out a third time.

Rice knocked on the door and identified himself. Dally refused to let him in saying that Holiday did not live there. Rice attempted to open the door with Holiday's key but Dally had bolted the door. Rice and other officers then opened the door with force.

Rice found men's and women's clothing, papers in Holiday's name and papers in Dally's name in one of the bedrooms. He found the challenged evidence, two guns, the stolen United States Treasury checks, and false identification, in the same bedroom.

Holiday and Dally were indicted for possession of stolen mail in violation of 18 U.S.C. § 1708. Holiday was also indicted for possession of firearms by a felon in violation of 18 U.S.C.App. § 1202(a).

Both defendants moved to suppress this evidence and evidence found in Dally's purse and vanity. Except for the evidence found in Dally's purse and vanity, the District Court denied the motion.

Holiday and Dally were tried together. The jury found Holiday guilty of possession

of a firearm and Dally guilty of possession of stolen mail. They acquitted Holiday of the stolen mail charge.

On this appeal, both Holiday and Dally contend that the search was not a valid parole search under either California law or federal law because:

1) the search was not conducted by Parole Agent Golightly and therefore was not a parole search;

2) the parole search was unreasonable;

3) the search was not authorized by California law; and

4) the search was a subterfuge for a criminal investigation.

Dally also contends that the evidence found during the parole search, even if valid, is not admissible against her.

We find no merit in any contention and we affirm.

■ A state parolee may be searched, pursuant to a consent provision in his parole terms, if his parole officer reasonably believes a search is appropriate. *Latta v. Fitzharris,* 521 F.2d 246, 250 (9th Cir.) (en banc), *cert. denied,* 423 U.S. 897, 96 S.Ct. 200, 46 L.Ed.2d 130 (1975). Holiday failed to return Golightly's call and Golightly learned that other officers had information that Holiday had another residence. Only after Golightly had this information was the parole search authorized. The District Court properly determined that Parole Agent Golightly knowingly authorized it.

Appellants' reliance on *United States v. Consuelo-Gonzalez,* 521 F.2d 259 (9th Cir. 1975) (en banc) is misplaced. *Consuelo-Gonzalez* held that the Federal Probation Act, 18 U.S.C. § 3651, does not authorize other law enforcement agents to search a federal probationer even though the probationer consented to the search as part of the probation terms. Unlike *Consuelo-Gonzalez,* here the parole officer adequately supervised the search and this case did not arise under the Federal Probation Act but under the Fourth Amendment and California law.

■ Holiday and Dally also contend that the facts did not provide a reasonable basis for the belief that Holiday lived with Dally. We disagree. The observations supported a reasonable belief that Holiday had moved to this address and was now living with Dally. It is immaterial that he had not lived at this address for a long period of time. The known facts provided a reasonable basis for the search.

■ Holiday's arrest for a parole violation did not end the need for a parole search. California had a continuing interest in Holiday's progress so it could determine whether to continue, modify or revoke his parole. *Latta,* 521 F.2d 246, 252; *People v. Kanos,* 14 Cal.App.3d 642, 648–49, 92 Cal.Rptr. 614, 617 (Ct.App.1971).

■ Appellants also contend that this search was not authorized by California law. They rely on *People v. Natale,* 77 Cal.App.3d 568, 143 Cal.Rptr. 629 (Ct.App. 1978). But in *Natale* a parole officer had no knowledge of the facts and he delegated his complete authority to police officers. Here Golightly authorized a search only after he became aware that Holiday was not living in Pasadena and that he had another residence. Golightly then authorized Rice to search Holiday's actual residence if Rice found that Holiday was in fact living at another address. California specifically allows Special Agents to make parole searches. *Kanos,* 14 Cal.App.3d 642, 649, 92 Cal.Rptr. 614. This search was authorized by California law.

■ There is no merit in Dally and Holiday's contention that this search was a subterfuge for a criminal investigation forbidden by *Latta.* The record adequately supports the District Court's finding that law enforcement assistance did not make this parole investigation a subterfuge for a criminal investigation.

■ Dally argues that evidence from a parole search is not admissible against a third party. This contention has no merit. California admits evidence found during a parole search against third parties. *People v. Icenogle,* 71 Cal.App.3d 576, 139 Cal.Rptr. 637 (Ct.App.1977). The Fourth Amend-

ment does not require the exclusion of evidence found in the course of a proper investigation. *Cf. United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

The District Court properly denied the motion to suppress. The convictions are AFFIRMED.