UNITED STATES of America,
Plaintiff–Appellant,

v.

Richard BATISTE, Defendant–Appellee.

No. 88–5069.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1988.

Decided Feb. 28, 1989.

David L. Katz, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellant.

Verna Wefald and Bernard Skomal, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellee.

Before PREGERSON, REINHARDT and NOONAN, Circuit Judges.

PREGERSON, Circuit Judge:

Pursuant to 18 U.S.C. § 3731,[1] the government appeals the district court's order granting Richard Batiste's motion to suppress evidence. The government contends that the district court erred in ordering an evidentiary hearing on the issue of probable cause to arrest because (1) the government had made a prima facie showing of probable cause in its affidavit attached to the complaint filed against Batiste on November 2, 1987,[2] and (2) in his

1. 18 U.S.C. § 3731 provides in pertinent part:
   An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence ... in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.... The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.
   The government has satisfied all prerequisites to appeal required by this statute.

2. Fed.R.Crim.P. 5(a) provides in part:
   [A]ny person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available federal magistrate.... [When] a person arrested without a warrant is brought before a magistrate, a complaint shall be filed forthwith which shall comply with the requirements of Rule 4(a) with respect to the showing of probable cause.
   Fed.R.Crim.P. (4)(a) provides in part:

motion to suppress Batiste had failed to dispute the government's version of the facts contained in that affidavit.

I

The following facts are drawn from the government's affidavit attached to the complaint. On October 31, 1987, at approximately 11:30 p.m., two San Diego police officers responded to a silent alarm at a local bank. The officers located a hole broken into an exterior wall of the bank large enough for a person to crawl through. The officers then heard a banging noise and saw someone inside the bank apparently trying to break into the vault. After reinforcements arrived, an officer announced through a bullhorn that the bank was surrounded. The person inside the bank was instructed to come out. Batiste then crawled out of the hole in the bank's wall, carrying a canvas bag containing tools including crowbars, screwdrivers, a chisel, and a mallet. He was immediately arrested. The arrest was without a warrant. After being advised of his rights, Batiste declined to make any statements, but identified himself as Raymond Williams. Upon further questioning, he stated that his real name was Richard Batiste and that he had been arrested for bank burglary in San Diego in 1985. On November 6, 1987, Batiste was indicted for bank burglary (18 U.S.C. § 2113(a)) and for making a false statement (18 U.S.C. § 1001).

On December 7, 1987, Batiste filed a pretrial motion to suppress all evidence including the seized tools and his statements to the police. Fed.R.Crim.P. 12(b)(3). The moving papers stated that "[i]t is uncertain under what circumstances Mr. Batiste was arrested. The government has the burden of establishing facts sufficient to establish probable cause to arrest Mr. Batiste [without a warrant]. A hearing is requested as to this motion." ER at 11. In his suppression motion, Batiste also challenged the

voluntariness of his statements to the police. He did not, however, dispute the facts contained in the government's affidavit attached to the complaint. The government responded to Batiste's motion on December 16, 1987. It argued that the statement of facts contained in the affidavit established probable cause to arrest, that Batiste had failed to dispute the government's version of the facts, and that Batiste's request for an evidentiary hearing on the issue of probable cause to arrest was simply an attempt to obtain further discovery from the government.

The motion to suppress evidence was set for hearing before the district court on December 22, 1987. At that time, the government voiced its objection to an evidentiary hearing. The government argued that an evidentiary hearing was not necessary because the undisputed statements contained in its affidavit established probable cause. Batiste persisted in his request for an evidentiary hearing on the probable cause issue. The court indicated that if it were to base its ruling solely on the moving papers and the government's response, it would find probable cause to arrest. ER at 62. In addition, the court stated that evidentiary hearings are often a waste of time and resources, and should be reserved for those occasions when there are factual issues that need to be resolved. But the court also said that the issue "is extremely complicated, as to when a court can refuse to have an evidentiary hearing ... on the probable cause issue." ER at 43.

The court ultimately ruled that an evidentiary hearing was necessary. The court, in explaining its ruling, stated that (1) requiring a defendant to submit an affidavit demonstrating a factual dispute raised Fifth Amendment problems, (2) arrest reports often are not ready by the motion date, (3) "it is not infrequent that the testimony of the officers is different, and often materially, from the reports," ER at 45, and (4) a defendant has the right to an evidentiary hearing to make certain

---

If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the de-

fendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it.

that there is probable cause for a warrantless arrest even where, as here, the defendant has not disputed the statements contained in the affidavit filed by the government to establish probable cause. ER at 44–46. The court then directed that an evidentiary hearing be held.

The government adamantly refused to put on any witnesses at the evidentiary hearing. The district court then held that the government had failed to meet its burden of proof regarding probable cause, and granted Batiste's motion to suppress by an order filed on January 22, 1988.[3]

## II

The critical issue on appeal is whether, before ruling on a Fed.R.Crim.P. 12(b)(3) motion to suppress evidence based on lack of probable cause to arrest, a district court in its discretion may hold an evidentiary hearing and require the government to produce live witnesses, subject to cross-examination, to establish probable cause even though the government's affidavit filed with the criminal complaint shows probable cause and the defendant does not file a counteraffidavit disputing any material statement contained in the government's affidavit.

## III

The government contends that the district court abused its discretion in ordering an evidentiary hearing on the issue of probable cause to arrest. First, the government argues that the affidavit filed in support of the complaint stated facts sufficient to establish probable cause to arrest Batiste. The government then argues that because Batiste did not file a counteraffidavit disputing the government's statements, the district court erred in deciding to hold an evidentiary hearing.

All of our earlier cases concerning the appropriateness of holding evidentiary hearings have addressed the propriety of a district court's *refusal* to hold an evidentiary hearing, not the propriety of a district court's determination that such a hearing is appropriate. *See, e.g., United States v. DiCesare,* 765 F.2d 890, 896 (9th Cir.), *amended,* 777 F.2d 543 (9th Cir.1985) (error not to hold evidentiary hearing where defendant "made an offer of proof 'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the [subject of the motion] are in question' ") (quoting *United States v. Ledesma,* 499 F.2d 36, 39 (9th Cir.), *cert. denied,* 419 U.S. 1024, 95 S.Ct. 501, 42 L.Ed.2d 298 (1974)); *United States v. Carrion,* 463 F.2d 704, 706 (9th Cir.1972) ("Evidentiary hearings need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved.") (citing *Cohen v. United States,* 378 F.2d 751, 760, 761 (9th Cir.), *cert. denied,* 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967)). The government asks us to establish a per se rule that an evidentiary hearing on the existence of probable cause to arrest may be held only if material issues of fact are in dispute and asks us to conclude that if the material issues of fact concerning probable cause are undisputed, a district court is absolutely precluded from holding an evidentiary hearing on the probable cause issue raised by the defendant through a motion to suppress.

▮ We hold that the district court in the exercise of its discretion may choose to hear live testimony at a probable cause evidentiary hearing rather than rely on the written materials submitted by the parties.[4]

---

**3.** The government told the district court that it would produce a witness to testify at an evidentiary hearing to determine the voluntariness of Batiste's statements. But because the district court ruled that the government had failed to meet its burden of proving probable cause to arrest, a hearing on the voluntariness of Batiste's statements was unnecessary.

**4.** This holding is consistent with the well-settled principle that a district court has broad discretion to manage its own calendar. *See, e.g., Agcaoili v. Gustafson,* 844 F.2d 620, 624 (9th Cir.1988) ("A trial court has the power to control its own calendar."); *Mediterranean Enterprises, Inc. v. Ssangyong,* 708 F.2d 1458, 1465 (9th Cir.1983) ("The trial court possesses the inherent power to control its own docket and

*Cf. United States v. Walczak*, 783 F.2d 852, 857 (9th Cir.1986) ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court."). The district court may elect to put the government to its proof at an evidentiary hearing even where, as here, no material facts stated in its papers are in dispute. We are aware of no authority, and the government cites none, that would preclude a district court from conducting a hearing rather than accepting affidavits where one of the parties, here the government, must make a factual showing. The only reason for a rule prohibiting the district court from holding a hearing in these circumstances would be to save court time or the parties' time. If the district court, however, believes that it is worth taking the time to hold the hearing, we will not preclude it from doing so. *Cf.* Fed.R.Evid. 611(a) Notes of Advisory Committee on Proposed Rules (a) ("The ultimate responsibility for the effective working of the adversary system rests with the [trial] judge.").

That the district court in the instant case did not abuse its discretion in holding an evidentiary hearing on the issue of probable cause to arrest does not mean that such a hearing was necessary. The court based its decision in part on a perceived Fifth Amendment self-incrimination problem in requiring a defendant to submit an affidavit to demonstrate a factual dispute. The court's Fifth Amendment concerns were unfounded. First, a defendant's attorney can provide the court with the disputed facts through a third-party affidavit, thereby making it unnecessary for the defendant to sign an affidavit. Second, a defen-

dant's testimony in support of a motion to suppress evidence on Fourth Amendment grounds is not admissible against him or her at trial on the issue of guilt unless the defendant fails to register an objection. *See Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247 (1968) ("[W]e find it intolerable that [a Fifth Amendment] right should have to be surrendered in order to assert [a Fourth Amendment right].").

The district court also based its decision to hold an evidentiary hearing on the fact that a defendant often does not have complete information regarding his or her arrest at the time a motion to suppress is filed and that, additionally, officers' testimony at a hearing often differs materially from their statements in the police reports. While this lack of information may at times be problematic, it does not warrant a per se rule that an evidentiary hearing must be held on the issue of probable cause to arrest whenever a defendant requests one. Such a rigid rule is not necessary to protect a defendant's Fourth Amendment rights.[5] *See United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir.1980) (if affidavits show as a matter of law that defendant is or is not entitled to relief, no evidentiary hearing is required).

■ Here, the defendant was caught red-handed and the government in its affidavit made a prima facie showing of probable cause to arrest. There was apparently nothing in particular in the government's affidavit that caused the district court to want to obtain additional information or to determine whether the officer's sworn testimony would comport with the statements

calendar."); *United States v. Gay*, 567 F.2d 916, 919 (9th Cir.) (district court has broad discretion as an aspect of its inherent right and duty to manage its own calendar), *cert. denied*, 435 U.S. 999, 98 S.Ct. 1655, 56 L.Ed.2d 90 (1978).

**5.** It is important to note the distinction between the Fourth Amendment probable cause requirement for warrantless arrests and the Fifth Amendment prohibition against coerced confessions. With respect to the Fifth Amendment voluntariness requirement, "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underly-

ing factual issues and the voluntariness of his confession are actually and reliably determined." *Jackson v. Denno*, 378 U.S. 368, 380, 84 S.Ct. 1774, 1782, 12 L.Ed.2d 908 (1964). Here, the government has not challenged the necessity for a hearing on the voluntariness issue. On the other hand, while the government has the burden of proving probable cause for a warrantless arrest, *United States v. Perez–Castro*, 606 F.2d 251, 253 (9th Cir.1979), there is no case law that suggests that a defendant has an automatic constitutional right to an evidentiary hearing on the issue of probable cause.

in the affidavit. Moreover, the defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer. In these circumstances, the district court was not required to hold an evidentiary hearing. But the district court, in managing its own calendar, was not precluded from requiring the government to establish probable cause at an evidentiary hearing. Therefore, when the government flatly refused to produce witnesses at the evidentiary hearing, the district court properly granted Batiste's motion to suppress evidence.

AFFIRMED.