977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Wayne MARTINEZ, Defendant-Appellant.
 No. 91-10324.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1992.
Decided Sept. 28, 1992.
As Amended Nov. 12, 1992.
 
 Before WALLACE, Chief Judge, and CHOY and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Appellant Edward Wayne Martinez had absconded from parole in June, 1989, when Officer Howard Saxon of the Nevada Department of Parole and Probation was assigned to locate him. On June 28, 1989, Officer Saxon accompanied by two other officers went to an apartment complex where Martinez was reportedly residing. The officers were contacted by appellant's apartment manager, who provided them with the key to the apartment and a copy of the lease with the name and signature of Mark Garcia on it. The officers knocked on appellant's door, identified themselves, and heard "scurrying around inside the apartment." The officers then unlocked the apartment, entered, and found Martinez inside. Appellant at first identified himself as Mark Garcia, but upon learning that the officers had a photograph of him, admitted to being Martinez. Appellant was handcuffed, and the apartment was searched. The search uncovered a .25 caliber Titan semiautomatic pistol in a drawer, with a billfold and personal papers belonging to Martinez.
 
 
 3
 Appellant was charged by Nevada state prosecutors with possession of a controlled substance, possession of a hypodermic device, and possession of a firearm by an ex-felon. Pursuant to a plea agreement, Martinez pleaded guilty to one count of possession of a controlled substance and all other charges were dropped. On July 30, 1990, Officer Saxon contacted federal agents regarding Martinez' possible violation of federal law. Martinez was sentenced for the possession charge by the Nevada state court on August 2, 1990. Approximately one month later, he was indicted by a federal grand jury for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Following a jury trial, Martinez was convicted and sentenced to a minimum mandatory fifteen-year term of imprisonment.
 
 
 4
 Martinez now appeals his conviction, arguing that the federal prosecution placed him in jeopardy for a second time in violation of the Fifth Amendment. Appellant also contends that his right to due process was violated by the parole officer's referral of his case to federal authorities. Appellant alleges error in the district court's refusal to hold an evidentiary hearing on his claim that the search of his apartment was unconstitutional. Finally, appellant seeks review of his claim that he was denied effective assistance of counsel during trial. We affirm.
 
 II.
 
 5
 While recognizing that prosecutions by separate sovereigns do not violate the constitutional protection against double jeopardy, Martinez claims that the federal prosecution was a "sham" prosecution--i.e. that federal prosecutors were merely acting as tools for a re-prosecution on the weapon charge which had been dismissed pursuant to the Nevada plea agreement. In United States v. Bernhardt, 831 F.2d 181 (9th Cir.1987), we recognized that a federal prosecution on charges to which jeopardy has attached in state court may be barred when the federal prosecution results from "collusion between federal and state authorities...." Id. at 182. See also Bartkus v. Illinois, 359 U.S. 121, 123 (1959). Appellant claims that his federal prosecution was a result of such unlawful collusion, and alleges error in the district court's refusal to allow him an evidentiary hearing to pursue this claim.
 
 
 6
 Whether reprosecution of a defendant constitutes double jeopardy is a legal question which we review de novo. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991). The district court's decision not to hold an evidentiary hearing is reviewed for an abuse of discretion. United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986).
 
 
 7
 Assuming arguendo that the federal prosecution was a sham, there still was no double jeopardy violation since appellant was convicted of different offenses in federal and state court, and because jeopardy did not attach to the weapon charge in state court. In United States v. Vaughn, 715 F.2d 1373, 1376- 1377 (9th Cir.1983), for example, we held that jeopardy does not attach to counts of an indictment dismissed pursuant to a plea agreement before trial. In that case, the defendant Vaughn had pleaded guilty to a charge of possession with intent to distribute marijuana in exchange for having conspiracy charges dropped. The government subsequently sought to prosecute Vaughn for conspiracy. Because "the issue of Vaughan's guilt or innocence of the 1977 conspiracy charges has never come before a trier of fact, implicitly or otherwise," we concluded that Vaughan had not previously been placed in jeopardy with respect to the conspiracy charges. Id. at 1377.
 
 
 8
 Martinez' case is factually indistinguishable in all relevant respects. Prior to the federal prosecution, the charge for possession of a firearm had never come before a trier of fact, and thus jeopardy never attached. As a result, the federal prosecution could not subject Martinez to double jeopardy. See also United States v. Guy, 903 F.2d 1240, 1241-2 (9th Cir.1990).
 
 III.
 
 9
 Appellant argues that under United States v. Williams, 746 F.Supp. 1076 (D.Utah 1990), his federal prosecution violated his right to due process because it resulted from a referral by a state law enforcement officer. This aspect of Williams has been overturned, however, by the Tenth Circuit. United States v. Williams, 963 F.2d 1337 (10th Cir.1992). The Tenth Circuit, in rejecting the district court's due process analysis, held that:
 
 
 10
 "In the absence of proof that the choice of forum was improperly motivated or based on an impermissible classification as a matter of constitutional law," prosecution in a federal rather than a state court does not violate due process despite the absence of guidelines for such referral.
 
 
 11
 Id. at 1342 (quoting United States v. Morehead, 959 F.2d 1489, 1499 (10th Cir.1992)). We have likewise held that:
 
 
 12
 Unless a defendant can prove that the decision to initiate federal prosecution is arbitrary, capricious, or based on race, religion, gender, or similar suspect characteristics, there are no grounds for finding a due process violation, even when the motive for federal prosecution is that harsher sentences are possible.
 
 
 13
 United States v. Nance, 962 F.2d 860, 865 (9th Cir.1992) (per curiam) (citation omitted). Even if the decision to initiate the federal prosecution were deemed arbitrary and capricious, we have previously held that there exists no judicial remedy for such an alleged violation of due process where it arises out of the exercise of prosecutorial discretion in charging decisions, at least without proof of discrimination based on suspect characteristics. United States v. Redondo-Lemos, 955 F.2d 1296, 1301 (9th Cir.1992); United States v. Diaz, 961 F.2d 1417, 1420 (9th Cir.1992). Appellant has failed to present such proof.
 
 
 14
 In appellant's reply brief, he argues for the first time that the referral of his prosecution to federal authorities violated his due process rights, not because the charging decision was arbitrary or capricious, but because it deprived him of the benefit of his plea agreement. We do not decide whether a judicial remedy would exist for such a violation, however, as appellant has waived the issue by failing to raise it in his opening brief. United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2310 (1992).
 
 IV.
 
 15
 Martinez argues that he was denied effective assistance of counsel. We review de novo the claim that a defendant has received ineffective assistance of counsel. Smith v. Ylst, 826 F.2d 872, 875 (9th Cir.1987), cert. denied, 488 U.S. 829 (1988). As a general rule, however, such challenges should be brought by way of collateral attack to allow the record to be developed. We have recognized an exception to this rule where " 'the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel.' " United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989) (quoting United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987)), cert. denied, 111 S.Ct. 64 (1990). Ineffective assistance of counsel claims may also be reviewed on direct appeal where the record is sufficiently developed that the appellant is able to specify the inadequacies of representation and demonstrate the resulting prejudice. United States v. Robinson, Nos. 90-10433, 90-10470, slip op. 6667, 6673 (9th Cir. June 15, 1992). Neither of these exceptions apply.
 
 
 16
 Appellant argues that his trial attorney erred in allowing the repeated introduction of evidence and testimony regarding Martinez' prior criminal record. While Martinez adequately identifies "material, specific errors and omissions," he has failed to specify in what way these errors and omissions prejudiced his defense. See Rewald, 889 F.2d at 859. Thus, rather than speculating about the possibility of prejudice, we decline to review appellant's claim, preferring instead to allow him to develop a record on the issue of prejudice through collateral challenge of his conviction.
 
 V.
 
 17
 Martinez argues that the district court erred by failing to hold an evidentiary hearing on his claim that the search of his apartment was unreasonable. We review the denial of the request for an evidentiary hearing for an abuse of discretion. United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir.1991).
 
 
 18
 The district court adopted the magistrate judge's conclusion that Martinez' failure to report to parole officers, and his failure to report his current place of residence, gave the parole officers reason to search the premises. The fact that Martinez failed to report is not in dispute. In United States v. Dally, 606 F.2d 861 (9th Cir.1979), we held that there is a reasonable basis to search a parolee's residence when he has violated the terms of his parole by moving without notifying his parole officer. Id. at 862-863. Appellant implies that the search was pretextual, arguing that he should have been afforded an evidentiary hearing to determine the "real reason" for the search of his apartment. He has advanced no facts either on appeal or in the district court, however, which would support an inference that the search was improperly motivated. The district court therefore did not abuse its discretion in denying him an evidentiary hearing, especially in light of the clearly reasonable nature of the search.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3