48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel
 UNITED STATES of America, Plaintiff-Appellant,
v.
Lance Ramel JOHNSON, Defendant-Appellee.
 No. 94-30105.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 28, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The government appeals the district court's order granting Lance Ramel Johnson's motion to suppress evidence. The government contends that the district court erred in granting the motion because: (1) the warrantless search was a lawful probation search and the evidence seized was admissible against Johnson as well as the probationer; and (2) the district court failed to conduct an evidentiary hearing to resolve a material factual dispute. We have jurisdiction pursuant to 18 U.S.C. Sec. 3731, United States v. Chen, 979 F.2d 714, 715 (9th Cir.1992), and vacate and remand.
 
 
 3
 Johnson challenged evidence seized in connection with the arrest of William R. Stephens for probation violations. At the time of his arrest, one of the conditions of Stephens' probation required him "to submit to a search of his person, personal property, residence or any vehicle in which he may be found for the presence of contraband." In addition, Stephens was required to live with his mother as one of the conditions of his bail on a pending charge. A week prior to his arrest, Stephen's ex-girlfriend, Carolyn Steward alleged that Stephens had sexually assaulted her at 1151 Golden Dawn, Apartment # 4. Stephens had told her that he lived in the apartment.
 
 
 4
 On August 6, 1993, the police and Officer Polhemus, a probation officer, arrested Stephens at 1151 Golden Dawn, Apartment # 4. The officers then entered the apartment and found Johnson, who told them that the apartment was his. The police did not believe Johnson and proceeded to conduct a warrantless search of the apartment. Johnson told the probation officer that the furnished bedroom was his and that Stephens "slept on the couch." After walking through the entire apartment, Officer Polhemus started searching the "unfurnished" bedroom. Behind a wall of the closet, Officer Polhemus discovered a sawed-off shotgun.
 
 
 5
 We review a district court's decision on a suppression motion de novo and the underlying factual findings for clear error. United States v. Wryn, 952 F.2d 1122, 1123 (9th Cir.1991); United States v. Johnson, 936 F.2d 1082, 1084 (9th Cir.1991). We review a district court's denial of an evidentiary hearing for abuse of discretion. United States v. Wilson, 7 F.3d 828, 833 (9th Cir.1993), cert. denied, 114 S.Ct. 2151 ((1994); United States v. Batiste, 868 F.2d 1089, 1091 (9th Cir.1989).
 
 
 6
 Under limited circumstances a probation officer may search a probationer's home without a warrant or probable cause. United States v. Davis, 932 F.2d 752, 758 (9th Cir.1991); United States v. Duff, 831 F.2d 176, 179 (9th Cir.1987). A probation officer may conduct a warrantless search if the search is reasonable and the officer has a reasonable belief that the search is necessary to the performance of his duties. Davis, 932 F.2d at 758; Duff, 831 F.2d at 179; United States v. Dally, 606 F.2d 861, 863 (9th Cir.1979) (per curiam). Evidence seized as the result of a valid probation search may be admissible against a third party in addition to the probationer. Davis, 932 F.2d at 759-60; Dally, 606 F.2d at 863-64 (admitting evidence against parolee's co-resident on grounds that Fourth Amendment does not require exclusion of evidence found in course of proper investigation).
 
 
 7
 "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." Wilson, 7 F.3d at 834 (citation omitted). Evidentiary hearings should be held if the trial court concludes that relief must be granted if the facts alleged are proved. Batiste, 868 F.2d at 1091.
 
 
 8
 Here, the government alleged that Stephens had committed a sexual assault, was violating his probation by living at the apartment, was selling drugs, and had a gun at the apartment. The magistrate judge assumed the truth of the government's allegations but concluded that the evidence would be inadmissible against Johnson under the plain view doctrine. The district judge granted the suppression motion without an evidentiary hearing because it determined that the facts were clear enough, and "even giving [the facts] the twist the government seeks do not support the search for the reasons stated by the magistrate judge."
 
 
 9
 The district court abused its discretion in denying the government's request for an evidentiary hearing. See Wilson, 7 F.3d at 833. The district court erroneously concluded that the evidence would be inadmissible even assuming the truth of the government's allegations. See Davis, 932 F.2d at 759-60; Dally, 606 F.2d at 863-64. The government has alleged facts, which if proven true would support the probation officer's reasonable belief that a search of the apartment was necessary to the performance of his duties. See Davis, 932 F.2d at 758; Batiste, 868 F.2d at 1091.[1] Accordingly, we remand this case to the district court for an evidentiary hearing on the suppression motion. See Wilson, 7 F.3d at 834-35.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Given that both the magistrate judge and the district judge assumed the truth of the government's allegations, we need not consider the appellee's argument concerning the government's failure to provide affidavits in opposition to the suppression motion. See Alaska Gen.R. 5(B)(2) (requiring that documentary evidence be submitted in support of opposition to suppression motion)