SPORT GHORNATAH; Thehaiban Fahad AL–Dhossari, Defendants.

No. 01–15562.

D.C. No. CV–98–02859–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.[*]

Decided April 16, 2002.

Marwan A. HARARA, Plaintiff–Appellant,

v.

NIKE, INC, Defendant–Appellee,

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**540**

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM **

Marwan A. Harara appeals pro se the district court's summary judgment for defendants in his diversity action alleging Nike violated his civil rights and participated in unfair business practices by creating and using an offensive logo. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Shawmut Bank, N.A. v. Kress*, 33 F.3d 1477, 1484 (9th Cir.1994), and we affirm.

The district court properly denied Harara's motion to remand for lack of federal jurisdiction. The federal court had diversity jurisdiction because Harara and Nike are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332, 1441(a); *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002–03 (9th Cir.2001). Further, Harara had standing because he adequately alleged injury in fact, causation, and redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

The district court properly declined to abstain under the *Pullman* abstention doctrine because, among other things, this action did not require the district court to address any constitutional issues. *See*

** This disposition is not appropriate for publication and may not be cited to or by the

*Fireman's Fund Ins. Co. v. City of Lodi*, 271 F.3d 911, 928 (9th Cir.2001).

The district court properly concluded that Harara failed to raise a genuine issue of material fact regarding the element of intent required to prevail in an Unruh Act claim or a claim for intentional infliction of emotional distress. *See Harris v. Capital Growth Investors XIV*, 52 Cal.3d 1142, 1175, 278 Cal.Rptr. 614, 805 P.2d 873 (1991) (describing elements of claim under Unruh Act); *Cochran v. Cochran*, 65 Cal.App.4th 488, 494, 76 Cal. Rptr.2d 540 (1998) (describing elements of claim for intentional infliction of emotional distress). The declaration of Dr. Charles Casella created no triable issue of material fact because it was ambiguous about the cause of Harara's alleged emotional injury and, at best, served only to dispute Harara's own testimony about the source of his emotional distress. *See Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (9th Cir.1975). The "Declaration of 22 Californians" does not create a triable issue because the fact that certain Muslims were offended by seeing the logo on Nike's shoes does not establish that Nike's actions were either intentional or outrageous. Moreover, Harara provided no evidence to contradict Bob Doe's deposition testimony that Nike's designers tried to design a logo that would accommodate Muslim sensitivities.

The district court properly concluded that Harara failed to raise a genuine issue of material fact regarding a California Business and Professions Code section 17200 claim, because Harara failed to present evidence that "members of the public [we]re likely to be deceived." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir.1995); *see also* CAL. BUS. & PROF.CODE § 17200.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

The district court acted within its discretion to deny Harara a continuance to allow him to pursue further discovery, because Harara failed to "proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920–21 (9th Cir.1996).

The district court properly refused to delay Harara's suit in order to allow him to attempt service on two proposed Saudi Arabian defendants. *See* Fed.R.Civ.P. 19 (providing it is mandatory to join parties only under specific circumstances); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992) (holding a district court need not allow amendment of a complaint where such amendment would be futile or create undue delay); *United States v. Batiste*, 868 F.2d 1089, 1091 n. 4 (9th Cir.1989) ("a district court has broad discretion to manage its own calendar").

Nike was not required to notify the Attorney General of the constitutional issues Nike raised, because Nike did not challenge the facial constitutionality of any state statute. *See* N.D. Cal. R. 3–8(b).

Harara's remaining contentions lack merit.

AFFIRMED.