**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Anton D. BUSH, Defendant—Appellant.**

**No. 05–10185.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Jan. 3, 2006.

William R. Reed, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Rene L. Valladares, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

MEMORANDUM *

Anton Bush appeals the district court's judgment of conviction following a conditional guilty plea to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). In pleading guilty, Bush preserved his right to appeal the district court's denial of his motion to suppress evidence. We have jurisdiction under 18 U.S.C. § 1291 and we affirm.

In this appeal, Bush challenges the denial of his motion to suppress evidence—the gun that formed the basis of the § 922(g)

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

charge. He contends that his probation officer lacked probable cause to believe that he resided at the Apawana residence. Thus, he argues that the search was not justified as a probation search and therefore the probation officer violated his Fourth Amendment rights. We affirm the district court's suppression ruling because the probation officer had probable cause[1] to believe that Bush resided at the Apawana address before commencing the search of the bedroom.

Although the probation officer may not have had probable cause to believe that Bush resided at the Apawana address before entering the residence, once inside, subsequent events established probable cause to believe that Bush resided there. In response to the probation officer's inquiry to show him his room, Bush replied, "my room is back here." Bush then directed the officer to the back bedroom. This information, when considered alongside the other information the officer possessed prior to commencing the search, was sufficient to establish probable cause to believe that Bush resided at the Apawana address. Thus, we agree with the district court that the search was a lawful probation search and did not violate Bush's Fourth Amendment rights.

We also conclude that the district court's factual findings were not clearly erroneous. *See United States v. Asagba,* 77 F.3d 324, 326 (9th Cir.1996) ("The standard does not entitle a reviewing court to reverse the finding of the trial court simply because the reviewing court might have decided differently.").

AFFIRMED.

---

1. The parties note that it is unclear in this circuit whether a probation officer must have reasonable suspicion or probable cause to believe that the place to be searched is the probationer's residence. *Compare United States v. Dally,* 606 F.2d 861, 863 (9th Cir. 1979) (holding a parole search constitutional by concluding, *inter alia,* that parole officer's observations "supported a reasonable belief" that the parolee had moved to the address), *and United States v. Davis,* 932 F.2d 752, 758 (9th Cir.1991) (concluding that "police must have reasonable suspicion, that an item to be searched is owned, controlled, or possessed by probationer, in order for the item to fall within the permissible bounds of a probation search"), *with United States v. Harper,* 928 F.2d 894, 896 (9th Cir.1991) ("If the police lack probable cause to believe the suspect[ed parole violator] is an actual resident, but have probable cause to believe he's present, they must get a search warrant."). We need not resolve this issue because we conclude that, under all the circumstances, the probable cause standard is satisfied in this case.