FILED

JUL 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50035 |
| Plaintiff-Appellant, | D.C. No. 2:16-cr-00022-DMG-1 |
| v. | |
| STEVEN VASQUEZ, AKA Debo, AKA Devo, AKA Steve-O, AKA Steven Vazquez, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted July 9, 2018
Pasadena, California

Before:  BERZON and N.R. SMITH, Circuit Judges, and NYE,** District Judge.

The government appeals the district court's suppression of evidence

obtained through a warrantless apartment search.  We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

The district court correctly concluded that there was no probable cause to believe that defendant Steven Vasquez, a California probationer, lived at the searched apartment ("Apartment 26"). Considered in combination, the facts identified by the government did not establish a "fair probability" that Vasquez lived in Apartment 26. *Florida v. Harris*, 568 U.S. 237, 244 (2013) (internal quotation marks omitted); *see United States v. Grandberry*, 730 F.3d 968, 975–76 (9th Cir. 2013).

First, an officer's sighting of Vasquez in front of the apartment complex four months before the search was a slim indication that Vasquez might have been living in the building at the time he was seen, and essentially none that he was living in Apartment 26 four months later.

Second, even assuming the searching officer had complete knowledge of Vasquez's supervision history notes (which is not clear from the record), those notes showed that Vasquez was found at his reported address once; that no one was at the reported address on two visits; that, during two other visits to the address, the probation officers were told that Vasquez was not in—not that he did not live there; and that when messages were then left for Vasquez at that residence, he promptly responded to them. The probation supervision notes did not show the time of day of the visits—for example, whether they occurred during times

2

Vasquez was likely to be at home—or whether the probation officer observed any physical indications that Vasquez did or did not live in his reported room.[1]  On these facts, the probation officers' failure to find Vasquez at home in six out of seven visits to his reported address provided scant support for the conclusion that he lived elsewhere, considerably less than that in other cases concerning failed attempts to locate a probationer or parolee at his reported residence.  *See United States v. Watts*, 67 F.3d 790, 795–96 (9th Cir. 1995), *rev'd on other grounds*, 519 U.S. 148 (1997); *United States v. Conway*, 122 F.3d 841, 842–43 (9th Cir. 1997).

Further, what had to be shown here was probable cause as to where Vasquez *did* live, not as to where he did not live.  The scant evidence regarding his reported residence was for that reason as well tangential to establishing that Vasquez did live in the apartment searched.

---

[1] At argument, the government briefly suggested that we should consider additional evidence concerning Vasquez's reported residence under the "collective knowledge doctrine."  *See United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005).  The government did not make such an argument before the district court or in its opening brief before us.  The argument is therefore forfeited.  *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

Third, because the confidential informant relied upon by the government met at most two of the four factors concerning informant reliability, his tip provided at most some suspicion—not probable cause—as to Vasquez's residence. *See United States v. Rowland*, 464 F.3d 899, 907–08 (9th Cir. 2006). Although the informant did not report the tip anonymously, the government did not provide evidence that the informant had ever worked with law enforcement before or that he had otherwise provided reliable information. Although some basis of the informant's knowledge as to where Vasquez lived could be gleaned from his shared gang membership with Vasquez and the fact that he lived "very close" to the searched apartment building, no part of the tip had been corroborated before the search was performed.

Finally, even if we disregard Vasquez's Fourth Amendment challenge to the opening of the doors to Apartment 26 and so consider the presence of Vasquez and a woman in the apartment, the woman's statement that she was in Apartment 26 "only to visit" Vasquez said very little about whether Vasquez resided there. *See Grandberry*, 730 F.3d at 977. Likewise, that Vasquez was inside the apartment demonstrated some connection to the apartment, but not whether he was a resident or a guest. Nothing about the initial encounter—anything he said or did—pointed in one direction or the other.

Also significant is what the evidence did *not* show. Unlike in cases in which probable cause as to a probationer's or parolee's residence was found, nothing the officers observed before going to the apartment confirmed that Apartment 26 was Vasquez's "'home base.'" *Grandberry*, 730 F.3d at 976 (quoting *United States v. Howard*, 447 F.3d 1257, 1265–66 (9th Cir. 2006)); *see United States v. Dally*, 606 F.2d 861, 862–63 (9th Cir. 1979); *United States v. Franklin*, 603 F.3d 652, 656 (9th Cir. 2010); *Conway*, 122 F.3d at 843. They did not, for instance, see Vasquez take out the garbage, bring in groceries, do laundry, use a key to enter the apartment, drive up late at night, leave early in the morning, receive mail—or, indeed, do *any* activity suggesting he resided there. *Grandberry*, 730 F.3d at 979. The absence of such observations detracts from the officers' already extremely thin information linking Apartment 26 as Vasquez's "home base." *Id.* at 976 (internal quotation marks omitted).

Probable cause "is not a high bar"; "[i]t requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act." *Kaley v. United States*, 134 S.Ct. 1090, 1103 (2014) (internal quotation marks omitted). Here, however, the very few indications that Vasquez *might* have been living in Apartment 26, taken together, simply do not meet that threshold.

**AFFIRMED.**

5