**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-1555 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00196-WHA-1 |
| v. | |
| DWAYNE RICHARDSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted January 9, 2026[**]
San Francisco, California

Before: NGUYEN and BENNETT, Circuit Judges, and MATSUMOTO, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

Dwayne Richardson appeals his conviction on three counts of 18 U.S.C. § 7201 tax fraud offenses. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Richardson challenges his conviction on three grounds: *First*, Richardson argues that the district court erred in denying his motions to dismiss the indictment, or, in the alternative, suppress evidence due to alleged investigative misconduct. *Second*, Richardson argues that the district court abused its discretion by denying him an evidentiary hearing for his aforementioned motions. *Third*, Richardson argues that belated disclosure of an email from Internal Revenue Service ("IRS") Special Agent ("SA") Carleen Galetti to Acting Supervisory Special Agent ("ASSA") Stuart Collins constituted a *Brady* violation. Each argument is addressed below.

1. The district court correctly denied Richardson's motion to dismiss because dismissal was not an appropriate remedy for the type of investigative misconduct that Richardson alleged. *See United States v. Morrison*, 449 U.S. 361, 365–66 (1981); *United States v. Mayer*, 503 F.3d 740, 754 (9th Cir. 2007).

The district court also properly denied Richardson's motion to suppress evidence allegedly obtained in violation of the Fourth and Fifth Amendments because there is no evidence that the government "act[ed] in bad faith" or "affirmatively misl[ed]" Richardson "into believing that the investigation [was]

exclusively civil in nature and [would] not lead to criminal charges." *United States v. Stringer*, 535 F.3d 929, 936, 940 (9th Cir. 2008) (quoting *United States v. Robson*, 477 F.2d 13, 18 (9th Cir. 1973)). During the civil audit, the IRS notified Richardson that it "may give the information" he provided "to the Department of Justice to enforce the federal civil and criminal tax laws." Further, Richardson admits that "the record does not show that [he] expressly inquired of the auditor whether the case has taken [a criminal] turn, and neither Revenue Agent ("RA") Ryan Schutz nor any other IRS employee flatly and directly lied to him." Moreover, contrary to Richardson's contention, the IRS civil audit had not developed evidence sufficient to refer the matter for criminal investigation until February 2021, after which time the civil audit was closed. Under the totality of the circumstances, Richardson provided voluntary consent when he spoke with and produced documents to RA Schutz. *See Ohio v. Robinette*, 519 U.S. 33, 40 (1996) ("The Fourth Amendment test for a valid consent to search is that the consent be voluntary, and voluntariness is a question of fact to be determined from all the circumstances.") (citation modified).

2. The district court did not abuse its discretion by denying an evidentiary hearing on these motions because neither Richardson nor his representatives ever asked if the audit might result in a criminal referral, there was no affirmative misrepresentation by an IRS representative disclaiming the possibility, and

Richardson failed to present evidence sufficient to create a disputed fact to warrant a hearing. *See United States v. Batiste*, 868 F.2d 1089, 1093 (9th Cir. 1989).

3. Finally, Richardson argues that SA Galetti's April 14, 2021 email to ASSA Collins was favorable material under *Brady v. Maryland*, 373 U.S. 83 (1963), and that the government's belated disclosure constituted a *Brady* violation. The district court correctly found that SA Galetti's email was her own opinion and that she did not work on the Richardson investigation.

"There are three elements of a *Brady*[] violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued." *United States v. Kohring*, 637 F.3d 895, 901 (9th Cir. 2011) (internal quotations omitted). "Evidence is prejudicial or material 'only if there is a *reasonable probability* that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id*. at 902 (emphasis added) (footnote omitted) (quoting *United States v. Bagley,* 473 U.S. 667, 682 (1985)).

As relevant here, the Ninth Circuit has previously held that "*Brady* applies to a hearing on a motion to suppress." *Parker v. County of Riverside*, 78 F.4th 1109, 1113 (9th Cir. 2023) (per curiam) (citing *United States v. Gamez-Orduño*, 235 F.3d 453, 461 (9th Cir. 2000)). SA Galetti's April 14, 2021 email was immaterial. Her

opinion regarding the proper allocation of investigatory resources had no bearing on Richardson's guilt or innocence. Nor would timely disclosure have changed the outcome of Richardson's motion to suppress and request for an evidentiary hearing, as the email is unrelated to the IRS's handling of the civil audit and any alleged misrepresentations made during that audit. Further, the timeframe at issue for the motion to suppress was over six months earlier, in late August and September 2020. Therefore, Richardson suffered no prejudice under *Brady* as a result of the government's belated disclosure of SA Galetti's email. The district court thus correctly held that the government did not commit a *Brady* violation.

In sum, Richardson has presented no meritorious challenges to his conviction.

**AFFIRMED.**