UNITED STATES of America,
Plaintiff-Appellee,

v.

Mark William RICHARDSON,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

John Douglas GIBBS,
Defendant-Appellant.

Nos. 77-2945, 77-3320.

United States Court of Appeals,
Ninth Circuit.

June 30, 1978.

Rehearing and Rehearing En Banc
Denied Aug. 25, 1978.

Barton C. Sheela, Jr., of Sheela, Lightner, Castro & Walsh, San Diego, Cal., for defendants-appellants.

Stephen G. Nelson, Asst. U. S. Atty., (on the brief), Terry J. Knoepp, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER and KENNEDY, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

Richardson and Gibbs appeal from the denial of their motion to dismiss the indictment on double jeopardy grounds. We affirm.

On November 8, 1976, agents of the Drug Enforcement Agency (DEA) received information that two United States citizens would be transporting a large quantity of cocaine from El Salvador to the United States by way of Guatemala and Mexico. This information was relayed by the DEA to the national police of Guatemala. Utilizing this information, on November 12, 1976 Guatemalan police stopped and searched Richardson and Gibbs as they were entering Guatemala from El Salvador. An examination of their belongings revealed approximately thirteen kilograms of cocaine.

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

The Guatemalan authorities instituted criminal proceedings against the appellants. Subsequently, Richardson and Gibbs were found guilty of conducting unlawful traffic in narcotics and were sentenced to prison terms and fined. Pursuant to commutability provisions of their sentences,[1] appellants purchased their freedom, and on April 2, 1977 they were deported to the United States.

■ On returning to this country, Richardson and Gibbs were indicted for conspiracy to import, possess with intent to distribute, and distribute cocaine. 21 U.S.C. §§ 841, 846, 952, 960, and 963. Before trial both moved to dismiss the indictment on double jeopardy grounds, claiming that their Guatemalan trial barred the federal prosecution. After a hearing on August 1, 1977, the district court denied this motion. We have jurisdiction to review denial of a motion to dismiss on grounds of double jeopardy by virtue of the collateral order exception to the final judgment rule. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

■ We find no violation of the double jeopardy clause on the facts of this case. The Supreme Court has ruled that neither a state prosecution nor one by an Indian tribe bars subsequent federal prosecution, since in each case the initial action has been brought by a sovereign separate from the United States. *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978); *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). *A fortiori*, prosecution by a foreign sovereign does not preclude the United States from bringing criminal charges. If double jeopardy were applicable in such circumstances, "[p]rosecution by one sovereign for a relatively minor offense might bar prosecution by the other for a much graver one, thus effectively depriving the latter of the right to enforce its own laws." *United*

*States v. Wheeler*, 435 U.S. at 318, 98 S.Ct. at 1083. The case before us illustrates the need for each sovereign to retain the authority to enforce its own laws. Although conviction in the United States of the offenses charged here could lead to serious penalties, *see, e. g.*, 21 U.S.C. § 841(b)(1)(A), Richardson and Gibbs were permitted to avoid prison terms by paying a relatively small sum of money.

The facts indicate that United States officials and the government of Guatemala cooperated in apprehending these appellants, but that is a standard and an acceptable police practice. *See Bartkus v. Illinois*, 359 U.S. 121, 123, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) (cooperation between state and federal authorities). The enforcement efforts of the two countries were not so intimately entwined that the defendants might ask us to adopt a rule barring federal prosecution on the ground that the previous foreign trial had been brought by a governmental entity acting solely as an agent of the United States or that the prior prosecution was a cover for what was in essence a federal prosecution. *Id.* at 123–24, 79 S.Ct. 121.

■ Appellants argue that prosecution of this case is unlawful by virtue of the Single Convention on Narcotic Drugs of 1961, [1967] 18 U.S.T. 1407, of which the United States and Guatemala are signatories. Despite the ingenuity of this argument, the Convention neither affects the sovereignty of member nations nor embodies an agreement to refrain from prosecuting a defendant who has previously been tried by another signatory nation. In fact, the Convention expressly provides:

> Each of the offences enumerated in paragraph 1 [including trafficking in narcotics], if committed in different countries, shall be considered as a distinct offence.

*Id.*, art. 36(2)(a)(i), 18 U.S.T. at 1425. This provision is consistent with, not in deroga-

---

1. Under the sentence imposed, Richardson and Gibbs could and did commute their sentence by paying five quetzals per day in addition to their fine of 10,000 quetzals. Although our holding in this case is not affected by the magnitude of the sum required to be paid under the Guatemalan law of commutability, it is interesting to note that currently the quetzal appears to be worth one U.S. dollar.

tion of, the sovereign's prerogative to institute prosecution. The indictment in this case charges appellants with conspiring in California and elsewhere to commit various drug offenses and is thus permitted by the Convention.

The district court did not err in denying the motion to dismiss the indictment.

AFFIRMED.