**UNITED STATES of America, Plaintiff/Appellant,**

v.

**Curtis J. BERNHARDT and Carl J. Bernhardt, Defendants/Appellees.**

No. 86–1177.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1987.

Decided Oct. 27, 1987.

Robert J. Hackman, Honolulu, Hawaii, and Patty Merkamp Stemler, Washington, D.C., for plaintiff/appellant.

Richard B. Mazer and David A. Nickerson, San Francisco, Cal., for defendant/appellee Carl J. Bernhardt.

Doron Weinberg, San Francisco, Cal., for defendant/appellee Curtis J. Bernhardt.

Before SKOPIL, FARRIS and O'SCANNLAIN, Circuit Judges.

SKOPIL, Circuit Judge:

The government appeals the dismissal of an indictment against Curtis Bernhardt and Carl Bernhardt (the Bernhardts). The district court held that jeopardy had attached in a prior state criminal proceeding and that because the purpose of the federal indictment was to carry out a failed state prosecution, a narrow exception to the doctrine of dual sovereignty applied to bar the federal prosecution. We reverse the district court and remand for further proceedings.

**FACTS AND PROCEEDINGS BELOW**

In March 1984 the state of Hawaii charged the Bernhardts and several co-defendants with conspiracy and misapplication of bank funds. The Bernhardts successfully obtained a dismissal on statute of limitations grounds.

Shortly before the state court dismissed the case, Stephen A. Mayo, the Special State of Hawaii Deputy Attorney General for the case, contacted the United States Attorney for the District of Hawaii to express concern about the pending dismissal. Up until that point no federal agency had conducted an investigation into the matter. The U.S. Attorney agreed to undertake a federal prosecution with the express understanding that Mayo would become the lead attorney for the federal case and that the

state would pay Mayo's salary. Accordingly, Mayo became a Special Assistant U.S. Attorney and lead counsel in the matter.

The federal grand jury returned an indictment in January 1985. A superseding indictment was returned in March 1985. The indictment charged the Bernhardts with conspiracy, mail fraud, and wire fraud. Twenty-nine counts were dismissed for failure to state an offense. Shortly thereafter the district court granted the Bernhardts' motion to sever.

Before trial, the Bernhardts moved to dismiss the federal indictment on the independent grounds of double jeopardy, vindictive prosecution, and collateral estoppel. The district court denied the vindictive prosecution and estoppel claims but granted dismissal on the double jeopardy claim. The dismissal of an indictment on double jeopardy grounds is a question of law that we review de novo. *See United States v. Schwartz,* 785 F.2d 673, 676 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986).

## DISCUSSION

The Supreme Court has held repeatedly that successive prosecutions based on the same conduct are permissible if brought by separate sovereigns. *See Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985); *United States v. Wheeler,* 435 U.S. 313, 317, 98 S.Ct. 1079, 1082, 55 L.Ed.2d 303 (1978); *United States v. Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922). Thus, trial in a state court does not bar trial in a federal court for the same criminal conduct. *See Abbate v. United States,* 359 U.S. 187, 194, 79 S.Ct. 666, 670, 3 L.Ed.2d 729 (1959).

The Bernhardts contend, however, that the federal prosecution is a sham. They argue that jeopardy attached in the state proceeding, that the federal prosecution is actually a state prosecution, and that the state is therefore barred from proceeding in federal court. The Bernhardts rely on Mayo's lead role in both proceedings, the state's funding of both proceedings, the federal government's lack of interest in the case prior to discussions with Mayo, and the absence of a "federal interest" in the prosecution of the Bernhardts.

The Bernhardts contend that these facts justify application of the *"Bartkus* exception." *See Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). In *Bartkus* the Supreme Court held that successive state and federal prosecutions are constitutionally permissible because every citizen of the federal government is also a citizen of a state and both sovereigns have authority to punish individuals for infractions of the law. *Id.* at 131–32, 79 S.Ct. at 682. The Court noted that the successive prosecutions before it did "not sustain a conclusion that the state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution." *Id.* at 124, 79 S.Ct. at 678.

Several courts have inferred from *Bartkus* that collusion between federal and state authorities could bar the second prosecution. *See United States v. Moore,* 822 F.2d 35, 38 (8th Cir.1987); *United States v. Aboumoussallem,* 726 F.2d 906, 910 (2d Cir.1984); *United States v. Aleman,* 609 F.2d 298, 309 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980); *United States v. Liddy,* 542 F.2d 76, 79 (D.C.Cir.1976). *But see United States v. Patterson,* 809 F.2d 244, 247 n. 2 (5th Cir.1987) (questioning whether such an exception exists). We have alluded to the existence of the exception by rejecting a double jeopardy claim based on successive foreign and federal prosecutions. *United States v. Richardson,* 580 F.2d 946, 947 (9th Cir.1978) (foreign prosecution was not "a cover for what was in essence a federal prosecution"), *cert. denied,* 439 U.S. 1068, 99 S.Ct. 835, 59 L.Ed.2d 33 (1979).

It is clear that the *Bartkus* exception does not bar cooperation between prosecuting sovereignties. *See Moore,* 822 F.2d at 38 (*Bartkus* explicitly approved the mere cooperation between federal and state authorities); *Aleman,* 609 F.2d at 309 ("cooperation between state and federal authorities is a welcome innovation"). There is more here, however, than mere cooperation. The district court found that until contacted by Mayo, the federal government

had not taken "any independent view of [the case] or ever considered it to be a matter that justified exercise of federal sovereignty." The record shows that Mayo was essentially responsible for both prosecutions and that the state funded both proceedings. On those facts the district court concluded "that the motivation, that the inducement, that the purpose of federal indictment was to carry out the state prosecution which, for one reason or another, had been lost."

We agree with the district court that these circumstances are troubling. Nevertheless, we disagree that they are sufficient as a matter of law to invoke the "narrow exception to the 'dual sovereignty doctrine.'" *Aboumossallem*, 726 F.2d at 910. A government's "interest in vindicating its sovereign authority through enforcement of its laws by definition can never be satisfied by another [sovereign's] enforcement of *its* own laws." *Heath*, 474 U.S. at 93, 106 S.Ct. at 440 (emphasis in original). Thus, the federal government always "has the right to decide that a state prosecution has not vindicated a violation" of federal law. *Id.* Such a decision is necessarily made only after the state prosecution has ended. Simultaneous prosecutions are duplicative and expensive and should be avoided as a matter of policy. *See Petite v. United States*, 361 U.S. 529, 530, 80 S.Ct. 450, 451, 4 L.Ed.2d 490 (1960) (per curiam).

We conclude, however, that it is possible that the involvement of the federal authorities once the decision was made to prosecute the Bernhardts may be sufficient to remove this case from the "shams" and "covers" that *Bartkus* reaches. The record indicates that several Assistant United States Attorneys may have worked on the Bernhardt prosecutions. Nonetheless, we are reluctant to assume a factfinding role. *See Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 106 S.Ct. 1527, 1530, 89 L.Ed.2d 739 (1986) (reversing appellate court for engaging in factfinding). Both sides here requested an evidentiary hearing to address the extent of federal involvement in the prosecutions. On remand, the district court should consider whether such a hearing would aid in the factfinding process. *See United States v. Russotti*, 717 F.2d 27, 31 (2d Cir.1983) (district court has discretion to conduct hearing on applicability of *Bartkus* exception), *cert. denied*, 465 U.S. 1022, 104 S.Ct. 1273, 79 L.Ed.2d 678 (1984).

In sum, we share many of the concerns expressed by the district court that led to its invocation of the *Bartkus* exception. Nevertheless, we conclude that sufficient independent federal involvement would save the prosecutions from that exception. Accordingly, we reverse and remand to the district court for that factual determination.

REVERSED and REMANDED for further proceedings.