972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald L. JONES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-35677.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1992.*
Decided July 17, 1992.
 
 Before TANG, FERGUSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Ronald Lynn Jones appeals pro se the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2255 and affirm.
 
 DISCUSSION
 
 3
 Jones contends his federal prosecution for possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1), violated the Double Jeopardy Clause because he had already been convicted of similar charges in Colorado state court.[1] We disagree.
 
 
 4
 "[T]he prohibition against twice being placed in jeopardy does not foreclose a second prosecution by a different sovereign for the same offense." United States v. Guy, 903 F.2d 1240, 1242 (9th Cir.1990). Rather, successive prosecutions are barred only when the second prosecution is merely a "sham" or "cover" for the first sovereign. See Bartkus v. Illinois, 359 U.S. 121, 124 (1959).
 
 
 5
 Jones's federal prosecution was not simply a second state prosecution in disguise. The federal prosecution was based on an independent grand jury investigation and was financed entirely by the federal government. In fact, the only meaningful connection between the two prosecutions is that the federal government cooperated with state authorities in compiling evidence against Jones.
 
 
 6
 It is well settled that such investigative collaboration does not establish the second prosecution as a sham. See, e.g., United States v. Bernhardt, 831 F.2d 181, 182 (9th Cir.1987) ("the Bartkus exception does not bar cooperation between prosecuting sovereigns"). Accordingly, we hold that Jones's federal conviction did not violate the Double Jeopardy Clause.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jones pleaded guilty to violating section 841(a)(1). It is possible that by doing so, he waived his right to collaterally challenge his conviction. See United States v. Broce, 488 U.S. 563, 569 (1989) (a defendant waives his right to collaterally attack his conviction on double jeopardy grounds by pleading guilty). Although an exception to this rule exists when "the judge could determine at the time of accepting the plea, from the face of the indictment or from the record, that the government lacked the power to bring the indictment," United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990), Jones introduced no evidence indicating that the exception applies in his case. Because we affirm on other grounds, we need not decide if Jones actually waived his right to challenge his conviction in this case
 
 
 [2]
 Jones also argues that the district court erred in adopting the magistrate's factual findings without allowing him sufficient time to file an objection. See Rule 8(b)(3) of the Rules Governing Section 2255 Proceedings for the United States District Courts. We agree that the district court's decision to adopt the magistrate's factual findings was premature. Such error was harmless, however, because even under the facts alleged by Jones, his federal prosecution did not violate the Due Process Clause