983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Thomas WAGNER, Defendant-Appellant.
 No. 91-35907.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 31, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wayne Thomas Wagner, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Wagner was convicted after jury trial for use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). We review de novo, United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989), and we affirm.
 
 
 3
 Wagner alleges that his federal weapons possession prosecution violated the double jeopardy clause because a state court had previously determined that it would not take into account possession of this same weapon when determining the sentence to be imposed in a state prosecution for drug offenses. The state drug offenses were the drug trafficking crimes referred to in the federal weapons possession indictment.
 
 
 4
 Even if we were to assume that the state and federal offenses were the same, it is well established that the double jeopardy clause does not bar prosecution by separate sovereigns for the same offense. See, e.g., United States v. Traylor, Nos. 91-50405, 92-50012, slip op. 13123, 13126 (9th Cir. Nov. 3, 1992) ("successive prosecutions by separate sovereigns for crimes arising out of the same acts are not barred by the Double Jeopardy Clause"); United States v. Newbert, 952 F.2d 281, 284 n. 3 (9th Cir.1991) ("double jeopardy prohibition does not prevent dual prosecution by separate sovereigns"), cert. denied, 112 S.Ct. 1702 (1992); United States v. Guy, 903 F.2d 1240, 1242 (9th Cir.1990) ("the prohibition against twice being placed in jeopardy does not foreclose a second prosecution by a different sovereign for the same offense"). Although we have recognized a limited exception to this rule in situations where the second prosecution is merely a sham or cover for the first sovereign, United States v. Bernhardt, 831 F.2d 181, 182 (9th Cir.1987), we have already rejected this contention in Wagner's direct appeal, see United States v. Wagner, No. 89-30243, unpublished memorandum disposition (9th Cir. June 25, 1990).
 
 
 5
 Accordingly, the district court's denial of Wagner's section 2255 motion is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3