990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. MULLET, Defendant-Appellant.
 No. 92-10337.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 15, 1993.
Decided April 8, 1993.
 
 1
 Before SCHROEDER and BRUNETTI, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Mullet was indicted by an Arizona State Grand Jury for one count of illegally conducting an enterprise and seven counts of fraudulent scheme and artifice in violation of Ariz.Rev.Stat. §§ 13-2312 & 13-2310. Several months later, the Arizona Corporation Commission ordered Mullet to pay restitution and an administrative penalty based on the same illegal conduct.
 
 
 4
 Mullet argued that criminal prosecution in state court would violate double jeopardy because the Commission's order was a "punishment." The state trial court rejected this argument and Mullet appealed. The Arizona Court of Appeals remanded the case holding that "[i]n the event that the administrative penalty is determined to be a punishment, the underlying criminal proceeding must be dismissed, to the extent that the charges are based on the same conduct that was the basis of the proceeding before the Commission." Mullet v. Miller, 816 P.2d 251, 254-55 (Ariz.Ct.App.1991), cert. denied, 112 S.Ct. 1245 (1992). The state appealed to the Arizona Supreme Court and U.S. Supreme Court where review was denied. At the time this case was heard, no determination had been made on remand.
 
 
 5
 John Evans, then the Arizona Assistant Attorney General, initiated the prosecution against Mullet in state court and with the exception of the appeals to the State and U.S. Supreme Courts, is the sole state attorney on the case. While the state case was pending, he approached the U.S. Attorney's Office about possible federal prosecution. Evans was appointed Special Assistant U.S. Attorney to work on Mullet's federal prosecution and obtained a federal indictment against Mullet based on the same conduct as the state court indictment, charging Mullet with ten counts of wire fraud in violation of 18 U.S.C. § 1343.
 
 
 6
 Mullet made a motion to dismiss the federal indictment on the grounds that his simultaneous prosecution in state and federal court should be prohibited and that the federal prosecution was a sham or cover for a second state prosecution and barred by double jeopardy. After an evidentiary hearing, the district court denied his motion. This appeal followed.
 
 
 7
 Mullet argues that simultaneous prosecution in federal and state court violates the Due Process Clause of the Fifth Amendment because the pooling of the state and federal prosecutorial power into a single person effectively creates a "super sovereign" which is wielding its awesome power against him.
 
 
 8
 Mullet cites United States v. Bernhardt, 831 F.2d 181 (9th Cir.1987) to support his argument. In Bernhardt, a federal prosecution followed an unsuccessful state prosecution. In explaining why the federal government often prosecutes a case after the defendant has been acquitted in state court, we stated:
 
 
 9
 the federal government always 'has the right to decide that a state prosecution has not vindicated a violation' of federal law. Such a decision is necessarily made only after the state prosecution has ended. Simultaneous prosecutions are duplicative and expensive and should be avoided as a matter of policy.
 
 
 10
 Bernhardt, 831 F.2d at 183 (citations omitted).
 
 
 11
 While this dicta from Bernhardt sets out the policy reasons for avoiding simultaneous prosecutions, it does not suggest that a simultaneous prosecution would violate due process.
 
 
 12
 Mullet also argues that even if a simultaneous federal prosecution is permissible in some cases, that it must be dropped in this case because it is a sham or cover for a second state prosecution under the Bartkus exception to dual sovereignty.
 
 
 13
 It is well settled that successive prosecutions based on the same conduct are permissible if brought by separate sovereigns. United States v. Lanza, 260 U.S. 377, 382 (1922). However, in Bartkus v. Illinois, 359 U.S. 121 (1959), the Supreme Court suggested that an exception to this doctrine of "dual sovereignty" might exist if the successive prosecution "was a sham and a cover" for the prior prosecution, and thereby "in essential fact" another prosecution by the same sovereign. Id. at 124.
 
 
 14
 Mullet concedes that Bartkus does not bar cooperation between prosecuting sovereigns. U.S. v. Figueroa-Soto, 938 F.2d 1015, 1020 (9th Cir.1991), cert. denied, 112 S.Ct. 1181 (1992). However, he argues that in this case there was more than mere cooperation. He contends that it is evident that the federal prosecution is not being pursued to vindicate any separate federal interest, since an assessment of whether an independent federal interest exists cannot be made until the state prosecution has ended.
 
 
 15
 The government argues that there is a sufficient federal interest in prosecuting this case, to remove it from the Bartkus exception. We agree. The state and federal statutes under which Mullet is being prosecuted are separate, distinct crimes and represent different, individual interests. The federal government's separate interest in prosecuting Mullet is further bolstered by the fact that the Commodity Futures Trading Commission was investigating Mullet at the same time as the state and filed a civil injunctive complaint against Mullet for his activities in Colorado. In addition, the National Future Trading Association had received complaints relating to Mullet and forwarded them to the U.S. Attorney's Office.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3