72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patricia Ruth ROBINSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gale Jean McBROOM, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Charles QUIGLEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Malvin Eugene ROBINSON, Defendant-Appellant.
 Nos. 94-10087 to 95-10089 and 95-10099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1995.*
Decided Dec. 13, 1995.
 
 Before: BROWNING, CANBY, and HALL Circuit Judges.
 MEMORANDUM**
 Malvin Eugene Robinson, Patricia Ruth Robinson, John Charles Quigley and Gale Jean McBroom appeal from orders denying their motion to dismiss the indictment and their motion for reconsideration, in which they requested an evidentiary hearing. Appellants allege state and federal authorities colluded with one another in violation of the dual sovereignty doctrine by bringing a state civil forfeiture and a subsequent federal criminal prosecution against them. Accordingly, they contend the federal proceeding violates the Double Jeopardy clause and seek a dismissal of the indictment charging them with violations of 21 U.S.C. Secs. 841(a)(1) & 846. In the alternative, appellants contend the district court erred in refusing to conduct an evidentiary hearing to determine whether state and federal authorities colluded with one another.
 Having reviewed the briefs submitted in this matter, we find the district court did not err in denying both of appellants' motions. We therefore affirm.
 I.
 Separate sovereigns may bring successive proceedings on the same set of facts. Heath v. Alabama, 474 U.S. 82, 89 (1985); United States v. Figueroa-Soto, 938 F.2d 1015, 1018 (9th Cir.1991), cert. denied, 502 U.S. 1098 (1992). However, where there is evidence of collusion between federal and state prosecutions, the second prosecution may be barred. See Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959); United States v. Bernhardt, 831 F.2d 181, 182 (9th Cir.1987). Demonstrating such collusion is no easy task. In fact, "[a]s a practical matter ... under the criteria established by Bartkus itself it is extremely difficult and highly unusual to prove that a prosecution by one government is a tool, a sham or a cover for the other government." Figueroa-Soto, 938 F.2d at 1019.
 Appellants argue that the state forfeiture was a "sham" because California lacked statutory authority to institute such proceedings against appellants. They claim the state forfeiture laws expired on January 1, 1994, prior to the resolution of forfeiture proceedings against them.
 Between 1987 and 1994, the California civil forfeiture statutes were altered by a series of amendments containing convoluted sunset or expiration provisions.[1] Because certain amendments expired at different times, a question arose as to whether any forfeiture statutes existed between January 1, 1994 and August 19, 1994, the date the Legislature enacted the revised forfeiture statute.
 California appellate courts interpreting these amendments have since held that a valid forfeiture statute did exist during this period. Mundy v. Superior Ct., 37 Cal.Rptr.2d 568, 573 (Cal.App. 4th Dist.1995); People v. One 1986 Toyota Pickup, 37 Cal.Rptr.2d 29, 36 (Cal.App. 5th Dist.1995); People v. $31,500 in U.S. Currency, 38 Cal.Rptr.2d 836, 848 (Cal.App.3d Dist.1995); People v. $1,930 in U.S. Currency, 45 Cal.Rptr.2d 322, 329 (Cal.App. 5th Dist.1995). Accordingly, appellants' argument that no valid forfeiture laws existed at the commencement or conclusion of the forfeiture proceedings against them is without merit.
 In the alternative, appellants argue that the version of the statute applicable to their case required a criminal conviction as a predicate to civil forfeiture. Even assuming that appellants' interpretation of the applicable state law is correct, it does nothing to advance appellants' "Bartkus" exception claim. That is, merely because the state forfeiture may have been invalid does not demonstrate the proceeding was a "sham" or "tool" of the federal government; Bartkus and its progeny require something more in order to demonstrate collusion.
 In Bartkus, even though there was evidence that the state prosecuted the defendant at the request of federal authorities, and the government conceded at oral argument that federal officers "did instigate and guide" and "actually prepared" the state's case, 359 U.S. at 165 (Brennan, J. dissenting), the Court still found that this evidence did not demonstrate that the state prosecution was a sham. Id. at 124.
 
 
 1
 Cases since Bartkus have consistently held that evidence of cooperation without more does not constitute collusion. Bernhardt, 831 F.2d at 183 (fact that deputy state attorney general who led the state prosecution was placed in charge of subsequent federal prosecution does not necessarily demonstrate collusion); United States v. Real Property Located in El Dorado, Calif., 59 F.3d 974, 987 (9th Cir.1995) (where a county prosecutor spearheaded a subsequent federal forfeiture action, this fact alone was not sufficient to allege a "sham" prosecution); United States v. Koon, 34 F.3d 1416, 1439 (9th Cir.1994), cert. granted, 116 S.Ct. 39 (1995) ("Bartkus" exception does not apply where federal and state investigators began their investigations at the same time; federal and state authorities cooperated with one another; state authorities delivered evidence and investigative reports to federal officers; and the same videotape was used in both proceedings).
 
 
 2
 Here, there is no evidence that the state instigated its forfeiture proceeding at the behest of federal authorities. Nor did federal prosecutors spearhead the state forfeiture action. All appellants can point to is the fact that the state may have lacked statutory authority to bring the civil forfeiture proceeding. While this may be enough to attack the forfeiture in state court, it is not enough to establish collusion or nefarious dealings between federal and state officials. At best, appellants have demonstrated that the two sovereigns cooperated in the investigation and subsequent court proceedings in this matter. Cooperation, however, is not tantamount to collusion.
 
 II.
 
 3
 Appellants raise three arguments in support of their request for an evidentiary hearing, all of which we find without merit.
 
 
 4
 First, appellants contend California lacked statutory authority to bring civil forfeiture proceedings. As noted above, however, a valid state forfeiture law did exist as of January 1, 1994.
 
 
 5
 Second, appellants maintain federal authorities improperly turned over seized evidence to state law enforcement officials. This contention is factually incorrect. The record reveals that the vehicles in question were seized by state, not federal, authorities. The state search warrants executed on August 12, 1994 and August 18, 1994 specifically refer to the vehicles. Furthermore, the property receipts from those searches reveal the vehicles were taken by state authorities. Thus, other than appellants' allegations, there is no evidence that federal law enforcement officials improperly handed over evidence to the state authorities.
 
 
 6
 Third and finally, appellants allege the federal government had line-item authority over the state forfeiture proceeding. Yet, appellants provide no evidence to support this contention, and as this circuit has held, "conclusory allegations" of collusion are not enough to warrant an evidentiary hearing. Koon, 34 F.3d at 1439. Accordingly, without more than appellants' conclusory allegations, we find no grounds to hold an evidentiary hearing.
 
 CONCLUSION
 
 7
 Because appellants have failed to demonstrate that state and federal authorities colluded with one another, we find the dual sovereignty doctrine applies. Therefore, the district court's order denying the motion to dismiss the indictment, or in the alternative hold an evidentiary hearing is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The two amendments relevant to this case are the "Condit" and "Katz" amendments, both of which were named after their sponsors. "Condit" was enacted in 1987 and requires a criminal conviction as a prerequisite to civil forfeiture. 1987 Cal.Stat. Ch. 924 p. 3105, 3115. The "Katz" amendment was enacted in 1988. It does not require a criminal conviction and also lowers the burden of proof to preponderance of the evidence. 1988 Cal.Stat. Ch. 1492, p. 5285, 5290