81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Yahya A. RASHID, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6037.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1996.
 
 1
 BEFORE: KENNEDY and MOORE, Circuit Judges, and WELLS, District Judge.*
 
 ORDER
 
 2
 Yahya A. Rashid appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rashid pleaded guilty to possessing cocaine base for intended distribution, a violation of 21 U.S.C. § 841. On January 18, 1994, the district court sentenced him to 120 months of imprisonment and four years of supervised release. Rashid did not appeal his conviction or sentence.
 
 
 4
 In his motion to vacate, Rashid alleged: 1) that the district court lacked jurisdiction because his criminal prosecution originated in the state courts; 2) that the court should have declined jurisdiction; and 3) that an investigating officer conspired with the prosecutor to refer his case to federal court. On June 2, 1995, the district court denied Rashid's motion under Rule 4 of the Rules Governing § 2255 Proceedings. It is from this judgment that he now appeals, moving for counsel and for pauper status on appeal.
 
 
 5
 The denial of a § 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Rashid to prevail, the record must reflect a fundamental defect in the proceedings that results in a complete miscarriage of justice or an egregious error that violates due process. See id. In addition, Rashid must demonstrate cause and prejudice that would excuse his failure to raise his current claims on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 6
 Rashid indicated that he did not file a direct appeal because he was not sure of the issues or how to present them. However, Rashid's alleged ignorance of the law is not the kind of external factor that is required to establish cause. See Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir.1991) (collecting cases). His failure to make a sufficient showing regarding cause independently precludes review of his motion on the merits. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986). Nevertheless, we note that Rashid was not prejudiced by the alleged errors.
 
 
 7
 Rashid's first and second claims are unavailing because a criminal defendant may be prosecuted in both state and federal court for the same conduct. See United States v. Bernhardt, 831 F.2d 181, 182 (9th Cir.1987) (collecting cases). Hence, the district court properly exercised jurisdiction over Rashid's criminal case because a federal grand jury had issued an indictment that charged him with federal crimes. See 18 U.S.C. § 3231.
 
 
 8
 In support of his third claim, Rashid alleged that an investigating officer filed a criminal complaint in federal court, without advising the magistrate judge that Rashid had already been arrested for the same conduct in state court. He alleged that the officer sought a federal arrest warrant because Rashid had threatened an informant and had not cooperated in the drug investigation after his release. These allegations are unavailing because federal jurisdiction was ultimately based on an indictment, rather than the disputed criminal complaint. Therefore, Rashid waived his third claim to the extent that it is based on the officer's actions, by entering a valid and unconditional guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 9
 Rashid's allegations regarding the prosecutor's conduct are wholly conclusory. Prosecutors have broad discretion in deciding whether to charge a defendant in federal court, and they may base this decision on the difference between state and federal penalties. See United States v. Davis, 15 F.3d 526, 529 (6th Cir.1994); United States v. Allen, 954 F.2d 1160, 1166 (6th Cir.1992). The federal prosecutor did not abuse his discretion here, as there is no indication that the decision to prosecute was based on Rashid's race, gender or religion, or on the exercise of a statutory or constitutional right. See Davis, 15 F.3d at 529. There is also no indication that the prosecutor merely rubber stamped a decision by state authorities. Rashid concedes that the prosecutor submitted his case to a federal grand jury, executed the plea agreement, offered him the opportunity to plead guilty to a one-count bill of information, and moved for dismissal of the five counts that were charged in the indictment. The prosecutor also moved for a downward departure from the sentencing guideline range under USSG § 5K1.1. Hence, the record does not support Rashid's suggestion that the prosecutor eschewed his discretion and thoughtlessly followed a recommendation by state authorities to pursue the case in federal court. See id. at 530; Allen, 954 F.2d at 1160.
 
 
 10
 Rashid also argues that he was entitled to an evidentiary hearing. However, the district court did not abuse its discretion by not holding a hearing because Rashid did not allege specific facts that would have provided a basis for relief and the existing record was adequate to resolve his claims.
 
 
 11
 Accordingly, Rashid's motion for counsel and for pauper status is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation