92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony NAVARRO, Defendant-Appellant.
 No. CA 95-10330.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided July 30, 1996.
 
 Before: WOOD, JR.** , CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Defendant Anthony Navarro appeals his convictions after a guilty plea to one count of possession of cocaine with intent to distribute and one count of possession of methamphetamine with intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). Navarro contends that the district court erred in denying his motion to dismiss on double jeopardy grounds. This court has jurisdiction pursuant to 28 U.S.C. § 1291. Because the state civil forfeiture proceeding against Navarro does not constitute "punishment" for double jeopardy purposes, we affirm.
 
 
 3
 We do not repeat the facts here because the parties are familiar with them. We review de novo whether Navarro's convictions should be dismissed on double jeopardy grounds. See United States v. Bernhardt, 831 F.2d 181, 182 (9th Cir.1987).
 
 
 4
 Navarro was subject to an in rem, civil forfeiture proceeding in state court. He also was subject to this federal prosecution. Under the dual sovereignty doctrine, successive prosecutions brought by separate sovereigns, which are based on the same underlying conduct, do not violate the Double Jeopardy Clause. Heath v. Alabama, 474 U.S. 82, 93 (1985). Navarro argues that the dual sovereignty doctrine does not preclude his double jeopardy argument because the federal proceeding in this case was a "sham" and "cover" for the state. See Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959); Bernhardt, 831 F.2d at 182.
 
 
 5
 We assume, without deciding, that Navarro's state and federal proceedings emanated from one sovereign, pursuant to the Bartkus doctrine. See Bartkus, at 123-24 (1959).
 
 
 6
 The Double Jeopardy Clause prohibits the imposition of multiple punishments for the same offense. See United States v. Halper, 490 U.S. 435, 440 (1989). Navarro argues that his federal convictions constitute a second punishment for the same conduct, and that the forfeiture of his property in state court constituted the first punishment. The United States Supreme Court recently held, however, that in rem "civil forfeitures generally ... do not constitute 'punishment' for purposes of the Double Jeopardy Clause." United States v. Ursery, 64 U.S.L.W. 4565, 4566 (U.S. June 24, 1996). Because Ursery involved federal forfeiture statutes, we must determine whether the state forfeiture statutes at issue in Navarro's case constitute punishment for double jeopardy purposes.
 
 
 7
 Navarro was subject to an in rem civil forfeiture proceeding in the California state court. One thousand dollars in United States currency was forfeited pursuant to the proceeding under Cal. Health & Safety Code § 11488.4. The currency was seized from Navarro at the time he was arrested for the crimes that are the subject of this federal case. The California courts have construed the California statutory scheme for drug-related forfeitures as civil proceedings that basically are remedial in nature. People v. $31,500.00 in U.S. Currency, 38 Cal.Rptr.2d 836, 842-43 n. 17 (App.1995). These California statutes are similar to the statutes at issue in Ursery, and proceedings under § 11488.4 are intended to be civil in nature. See Ursery, 64 U.S.L.W. at 4571. Further, these state statutes do not appear to be "so punitive in fact as to persuade us that the forfeiture proceedings may not legitimately be viewed as civil in nature, despite [legislative] intent." Id. (internal quotations omitted).
 
 
 8
 Because we conclude that the state civil forfeiture proceeding in this case does not constitute "punishment" for double jeopardy purposes, Navarro's federal convictions therefore do not violate the Double Jeopardy Clause.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3