IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40920
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE S. AVILA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-96-CV-49
--------------------
April 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose S. Avila, federal prisoner # 5866-79, appeals the denial of his 28 U.S.C. § 2255 motion. However, his notice of appeal, filed approximately nine months after the district court denied his § 2255 motion, is untimely as to that denial, and this court therefore lacks jurisdiction to consider it. See Nelson v. Foti, 707 F.2d 170, 171 (5th Cir. 1983); Fed. R. App. P. 4(a)(1)(B).

The notice of appeal is timely as to the district court's denial of Avila's Fed. R. Civ. P. 60(b) motion, however, and this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court therefore has jurisdiction to consider the merits of that denial.  See id.  Avila renews the argument, raised in his Rule 60(b) motion, that the magistrate judge erred in failing to submit a report, pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings, before the district court denied his § 2255 motion; he also contends that the district court's adoption in toto of the Respondent's proposed factual findings and legal conclusions was reversible error.  Avila has not demonstrated that the denial of his Rule 60(b) motion was an abuse of discretion.  See Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1408 (5th Cir. 1994); Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc., 62 F.3d 767, 774 (5th Cir. 1995); see also Marine Shale Processors, Inc. v. E.P.A., 81 F.3d 1371, 1386 (5th Cir. 1996); cf. Jones v. United States, 972 F.2d 1340, 1992 WL 167967 (9th Cir. 1992). Accordingly, the district court's denial of his Rule 60(b) motion is AFFIRMED.