**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Izaak William JOHNSON,
Defendant–Appellee.**

No. 99–30262.
D.C. No. CR–99–00034–EJL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 18, 2002.

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM **

The United States appeals the district court's dismissal based on double jeopardy grounds of a criminal indictment charging Izaak William Johnson with aiding and abetting voluntary manslaughter on an Indian reservation, in violation of 18 U.S.C. §§ 2(a), 1112(a), 1151(a) and 1153. We have jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo the district court's dismissal of an indictment based on double jeopardy grounds, *United States v. Bernhardt*, 831 F.2d 181, 182 (9th Cir. 1987), and we reverse and remand for further proceedings.

Johnson, a non-tribal member Indian, pleaded guilty to voluntary manslaughter in the Nez Perce Tribal Court. The Government contends that the district court erred by dismissing the indictment based on its conclusion that the Double Jeopardy Clause bars a subsequent federal prosecution against Johnson. After the dismissal, we decided *United States v. Enas*, 255 F.3d 662 (9th Cir.2001) (en banc), *cert. denied*, —— U.S. ——, 122 S.Ct. 925, 151 L.Ed.2d 888 (2002), in which we concluded that because tribal courts proceed under their inherent sovereignty when they exercise jurisdiction over non-member Indians, the "dual sovereignty doctrine" applies and the Double Jeopardy Clause does not bar a subsequent prosecution by the federal gov-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ernment. *Id.* at 675. Although the district court did not have the benefit of our decision in *Enas*, that decision is applicable here. We therefore reverse the district court's dismissal of the indictment.

**REVERSED** and **REMANDED** for further proceedings.[1]

---

1. All pending motions are denied as moot.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.