**UNITED STATES of America, Plaintiff,**

v.

**Raymond D. CHEELY, Jr., Defendant.**

**No. A92–0073 Crim.**

United States District Court,
D. Alaska.

Nov. 18, 1992.

See also 790 F.Supp. 901, 814 F.Supp. 1430, 814 F.Supp. 1449.

Wevley Wm. Shea, U.S. Atty., Mark H. Bonner, Dept. of Justice, Joseph W. Bottini, Crandon H. Randell, Asst. U.S. Attys., Anchorage, AK, for U.S.

Nancy Shaw, Federal Public Defender, Anchorage, AK, for Raymond D. Cheely, Jr.

Carmen L. Gutierrez, Anchorage, AK, for Douglas P. Gustafson.

Phillip Paul Weidner, Law Offices of Phillip Paul Weidner & Associates, Inc., Anchorage, AK, for Peggy Gustafson–Barnett.

ORDER

SINGLETON, District Judge.

Raymond D. Cheely, Jr., moved, pursuant to Federal Rule of Criminal Procedure 12(b)(3), to suppress certain statements he made to postal inspectors while incarcerated for state offenses (Docket No. 334). The government did not file a counter-affidavit,

but did oppose the motion in writing and indicate that government witnesses would testify if called that Cheely impliedly waived his *Miranda* rights and volunteered statements to the officers. *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). Magistrate Judge Branson exercised his discretion and held an evidentiary hearing. *See United States v. Batiste*, 868 F.2d 1089, 1091–92 (9th Cir.1989). He only heard the government's witness, however, and then granted the motion without permitting the government to cross-examine Cheely regarding the statements in his affidavit. The government has appealed the Magistrate Judge's ruling.

■ Motion practice in this district is governed by Federal Rule of Criminal Procedure 47 and by Local Criminal Rule 10, which incorporates by reference the Local Civil Rules. In context, Local General Rule 5 would govern motion practice. The rule clearly requires the parties to put all of their cards on the table in their motion and responsive papers. Which cards must be played depends upon what is in issue. Criminal cases generate a number of boiler plate motions with programmed responses. Where, however, the moving party knows that her motion will generate a negative response and that facts and legal conclusions will be debated, a more formal motion and response are required. For example, the Ninth Circuit is moving toward treating suppression motions as the equivalent of civil trials on the merits. *See United States v. Brewer*, 947 F.2d 404, 410 (9th Cir.1991) (Federal Rules of Evidence apply at suppression hearings). In addition the trial court must render formal findings of fact and conclusions of law at least to the extent of essential or material facts. *Compare* Fed. R.Crim.P. 12(e) *with* Fed.R.Civ.P. 52. If this is true, then a suppression motion is the equivalent of a motion for summary judgment under Federal Rule of Civil Procedure 56. *See United States v. Ritter*, 752 F.2d 435, 439 (9th Cir.1985) (analogizing suppression motions to motions for summary judgment). Consequently, where the motion and response establish that there are no disputed issues of material fact, the motion may be granted or denied on the record without an evidentiary hearing. *See United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir.1980). To require an evidentiary hearing, the motion and opposition must be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that there are contested issues of material fact going to the validity of the government's conduct that must be resolved before the motion can be decided. *Center Art Galleries–Hawaii, Inc. v. United States*, 875 F.2d 747, 754 (9th Cir.1989). It is important to stress that, unless the moving and responding papers establish disputed issues of material fact, no hearing is necessary. The mere desire to cross-examine an opposing witness is never enough. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978). Both the moving and responding parties must be able to point to "Affidavits or sworn or otherwise reliable statements of witnesses ... or their absence satisfactorily explained." *Id.* Failure to establish disputed issues of material fact may justify a decision against the government as readily as one against the defendant. *Center*, 875 F.2d at 754.

■ In this case, Cheely filed an affidavit which, while conclusory, was minimally sufficient to raise issues regarding suppression of his statements. The government filed no opposition affidavits, and Magistrate Judge Branson could have decided the motion on that basis. However, he did not, but instead held a hearing and permitted a government witness to testify. It appears that Magistrate Judge Branson treated the oral testimony as the equivalent of an affidavit, compared the testimony with Cheely's affidavit, found no material dispute of fact, or perhaps more accurately, construed the evidence most favorably toward the government and concluded that the government had failed to sustain its "heavy burden" of proving a *Miranda* waiver, and ordered suppression. I am troubled by this procedure. The issue in this case is implied waiver, not express waiver. It appears to me that there are disputed issues of material fact and that an evidentiary hearing was mandatory to resolve the factual disputes. I don't believe that the evidence construed most favorably to the

government establishes the absence of an implied waiver as a matter of law. Once that decision is made, reliance on affidavits is no longer permissible. The case must be decided on the merits. I will therefore schedule a further evidentiary hearing to take Cheely's testimony.

Having said this, it is important to stress that the government does bear a heavy burden in proving that a *Miranda* waiver occurred, and that, unless the court can imply an unequivocal waiver, Cheely's statements must be suppressed.

I agree that *Mathis v. United States,* 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968); *United States v. Estrada–Lucas,* 651 F.2d 1261 (9th Cir.1980); and *Cervantes v. Walker,* 589 F.2d 424 (9th Cir.1978) (questioning an incarcerated person under certain circumstances does not require that *Miranda* warnings be given), present a legal question as to whether the postal inspectors were required to give Cheely *Miranda* warnings when questioning him while he was incarcerated. My tentative conclusion is that Cheely should be deemed to have been in custody when interviewed by postal inspectors about a crime that was accomplished outside of the prison. I would tentatively limit the *Cervantes* rule to situations where an inmate is interrogated regarding incidents within the prison, primarily by prison officers, in connection with prison discipline. To follow the rule advocated by the government would eviscerate *Miranda* where the target of an investigation was already imprisoned on unrelated charges. Of course, this is only a tentative decision and may change after I have heard argument and reviewed cases seeking a broader application for *Cervantes.*

IT IS THEREFORE ORDERED:

A continued evidentiary hearing in this matter is scheduled for Tuesday, December 1, 1992, at 2:00 p.m. in Courtroom 3. Cheely should be prepared to be cross-examined at that time. Oral argument on the motion will follow completion of the evidentiary hearing.