**UNITED STATES of America,
Plaintiff,**

v.

**Ramon LAUREANO VELEZ,
Defendant.**

**No. CR. 01–699(SEC).**

United States District Court,
D. Puerto Rico.

July 8, 2002.

---

Antonio R. Bazán–González, U.S. Attorney's Office, San Juan, PR, for plaintiff.

Joannie Plaza–Martinez, Federal Public Defender's Office, San Juan, PR, for defendant.

### OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendant's second motion to suppress evidence (**Docket # 25**) seized during a warrantless search of his home. Having considered Defendant's arguments, as well as the Government's response to said motion (**Docket # 26**), Defendant's motion will be **DENIED**.

### *Factual Background*

In this case, Defendant previously filed a motion to suppress which was denied by this Court. We held that it was not necessary to hold an evidentiary hearing to determine the relevant factual background regarding Defendant's motion to suppress. In his motion, Defendant stated that the Government's version of the facts pointed to a situation where there were exigent circumstances which allowed the police officers to conduct a search of Defendant's house. Defendant, of course, argued that there were no such circumstances, and that he never consented to the search.

However, the Government, in their response, did not argue exigent circumstances. The Government, instead, relied on a sworn statement made by Defendant to a local prosecutor after his arrest. The Government was willing to concede the facts as described by Defendant in said statement. Based on that set of facts, the Government argued that the search of Defendant's house was conducted pursuant to Defendant's consent.

On that occasion, we explained that Defendant's laconic and conclusory allegations were not enough to raise an issue of fact when faced with the sworn statement that the Government had presented with its opposition. Therefore, we denied Defendant's request for an evidentiary hearing and denied the motion.

Now, Defendant has filed a second motion to suppress the same evidence. He claims that the sworn statement in which he explained how he consented to the search, was given under coercion. He alleges that the police officers who arrested

him, threatened to prosecute his wife if he did not provide them with said sworn statement. Furthermore, he argues that he never consented to the search and that the facts, as described in said statement, were inaccurate, and the fruit of the police officers' coercion. The Government, in its response, reiterates its previous arguments and denies any such misconduct. We must again consider whether Defendant's allegations are enough to establish an issue of material fact which would necessitate the holding of an evidentiary hearing.

### Applicable Law and Analysis

A criminal defendant is not entitled, as a matter of right, to an evidentiary hearing on every motion that he chooses to file. *United States v. Staula,* 80 F.3d 596, 603 (1st Cir.1996); *United States v. Pellerito,* 878 F.2d 1535, 1545 (1st Cir.1989). "A hearing is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." *Staula,* 80 F.3d at 603. *See also United States v. Lilly,* 983 F.2d 300, 310–11 (1st Cir.1992). "Most importantly, the defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief." *Id. See, e.g., Lilly,* 983 F.2d at 310–11. The First Circuit has held that district courts have considerable discretion in determining the need for evidentiary hearings. *Id. See also United States v. Lewis,* 40 F.3d 1325, 1332 (1st Cir.1994); *United States v. McAndrews,* 12 F.3d 273, 280 (1st Cir.1993).

In particular, evidentiary hearings on motions to suppress are required only when a defendant makes a sufficient showing that an illegal search has occurred. *Lewis,* 40 F.3d at 1325. "To make this showing the defendant must allege facts, sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id.* (citations omitted). We should note that "[i]rrespective of the underlying burdens on the merits of Defendant's motions, **Defendant bears the burden of showing disputed, material facts sufficient to merit an evidentiary hearing.**" *U.S.A. v. Council,* 1998 WL 132766 (E.D.La.1998) (emphasis added).

In *Lewis,* the court found that such a showing had not been made by the defendants. Defendants in that case only provided an affidavit prepared by one of their attorneys, who had no first-hand knowledge of the relevant events. *Id.* Said affidavit contained only conclusory allegations that the police lacked probable cause or a reasonable articulable suspicion of criminal activity when they arrested the defendants. *Id.* In contrast, the government had filed detailed affidavits sworn out by police officers in support of its opposition to the motion to suppress. Given this scenario, the First Circuit Court of Appeals concluded that the affidavit in support of the defendants' motion to suppress did not allege facts that were "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim [was] presented. Thus, the district court was completely justified in refusing to hold an evidentiary hearing where the factual matters were **essentially uncontested.**" *Id.* (emphasis added).

Another First Circuit case regarding this type of evidentiary hearing is *United States v. Calderón,* 77 F.3d 6 (1st Cir. 1996). In that case, the court repeated the standard set out in *Lewis* regarding the showing that a defendant must make to be granted an evidentiary hearing for his motion to suppress. *Id.* at 9. Defendant in *Calderón* did not file any affidavits in support of his motion, whereas the prosecution provided copies of the police reports

to support their version of facts. *Id.* The district court explained its denial of defendant's motion to suppress without an evidentiary hearing by pointing out that the **defendant offered no affidavits or statements,** described no circumstances supporting his assertion, and made no offer of proof relative to any other facts that might support his assertion. *Id.* This was true in spite of the fact the Defendant alleged that the person who consented to the search could not understand English, and was disoriented and coerced by the police officers. *Id.* His bare allegations, absent an affidavit from the person who consented, on whose state of mind his motion so heavily relied, were not enough to establish an issue of fact. *Id.* The First Circuit court found no basis to disturb the district court's decision. *Id.* This situation is indistinguishable from the case at bar. *See also, United States v. Teasley,* 1996 WL 117513 (E.D.La.1996) (holding that an evidentiary hearing was not necessary where defendant failed to provide an affidavit to support his allegations that he was intimidated by police officers and coerced to consent to a search).

Furthermore, the Court has the power under Fed.R.Crim.P. 12 to consider affidavits when deciding a motion to suppress. Wright, Federal Practice and Procedure: Criminal 3d § 194. *See also, In re Alperen,* 355 F.Supp. 372 (D.Mass.1973). In fact, some courts have noted a tendency to see suppression motions as "the equivalent of a motion for summary judgment under Federal Rule of Civil Procedure 56," *United States v. Cheely,* 814 F.Supp. 1447, 1448 (D.Alaska 1992) *citing United States v. Ritter,* 752 F.2d 435, 439 (9th Cir.1985). As such, "[b]oth the moving and responding parties must be able to point to 'Affidavits or sworn or otherwise reliable statements of witnesses ... or their absence satisfactorily explained.'" *Id. quoting Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). In *Cheely,* the court explained that since the Government filed no opposition affidavits to contradict the affidavits filed by Defendant, the court could decide the motion on that basis. *Id.*

■ In the case before us, Defendant has not come forward with any statements or affidavits. Even though he has elaborated a theory of facts in his motion to suppress stating that he did not consent to the search, and that he was coerced into signing the sworn statement, he has failed to provide any opposition affidavits. It appears from the record that there were two witnesses, other than Defendant and the local prosecutor, present at the moment when the sworn statement was given by Defendant. One of these was his wife, and the other was the person transcribing the statement. Defendant has failed to explain why a sworn statement or affidavit could not be obtained from these witnesses, or from the children present during the arrest, to support his allegations of coercion. Furthermore, Defendant has not even provided the Court with his own affidavit contradicting his previous sworn statement, and explaining how he was coerced, even after this Court denied his previous motion precisely for his failure to provide such an opposition affidavit. Defendant's self-serving allegations, which were curiously omitted from his first motion, will not be taken at face-value by this Court.

On the other hand, the Government has provided to the Court the sworn statement made by Defendant to a local prosecutor after his arrest. The Government is willing to concede the facts as described by Defendant in said statement. Absent contradicting affidavits, we will not question the facts as described by Defendant, himself, in his sworn statement. The Court

understands that the situation presented in the case before us is indistinguishable from the ones presented in *Lewis, Calderón,* and the other cited cases. In this case, the Defendant is trying to impeach **his own sworn statement,** exclusively through the allegations in his motion. We find that such a weak showing from Defendant does not reach the level required for the holding of an evidentiary hearing. As such, Defendant's request for an evidentiary hearing is **DENIED.**

As is evident from this conclusion, we find Defendant's allegation that he did not consent to the search incredible, given his own sworn statement describing the facts. In said statement, Defendant explained the situation as follows:

> On October 5, 2001, at approximately 8:00 AM, I was sleeping in my bedroom, in my house, located at Atlantic View Urb. No. 32, Carolina. I was sleeping in the last bedroom that makes a corner. They knocked on the window, I came out, asked who it was, they told me police officers, that they had two warrants of arrest against Ramón Laureano. **At that time I came and got the keys, opened the lock, I turned on my back, they went by me, they read me my rights and they arrested me.** I informed them that in the other bedroom was sleeping my friend, Shakira Vázquez with two boys. I informed them that in my room I had some weapons in the closet locked under key, that there were two long rifles with mutilated serial numbers and two 9mm caliber pistols. That there were bullets, magazines, paraphernalia, scales, money, jewelry and drug. I informed that all of that was mine. **I gave them the keys to the room and they proceeded to open there and they found in the entire bedroom everything I had informed them of.** I told them that the person that was in the other room had

nothing to do with the things that were there, that all of it was mine.

**Docket # 18, Appendix 1 at 7–8** (emphasis added). In the above quoted sworn statement, Defendant, himself, acknowledged that he opened the door to his house to the police officers so that they could execute the arrest warrant; and then gave the keys to his room to said officers so that they could recover all the illegal weapons and drugs which he had just confessed to having in said room. We find that, given this set of facts, as described by Defendant, the officers obtained his voluntary consent to search his room. Such a search, pursuant to Defendant's voluntary consent falls under one of the exceptions to the rule that warrantless searches are invalid. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Therefore, Defendant's second motion to suppress is **DENIED.**

**SO ORDERED.**